RUSS M. FUKANO (SBN 114166)
Email: rfukano@troygould.com
ANNMARIE MORI (SBN 217835)
Email: amori@troygould.com
TROYGOULD PC
1801 Century Park East, 16th Floor
Los Angeles, CA 90067-2367
Telephone:    (310) 553-4441
Facsimile:    (310) 201-4746

Attorneys for Defendants
Caliber Home Loans, Inc., U.S. Bank Trust, N.A., as
Trustee for LSF8 Master Participation Trust, and
Summit Management Company, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRENE CARDENAS,<br><br>                Plaintiff,<br><br>        v.<br><br>CALIBER HOME LOANS, INC.; U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF8 MASTER PARTICIPATION TRUST; RUSHMORE LOAN MANAGEMENT SERVICES, LLC; U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR RMAC TRUST SERIES 2016-CIT; SUMMIT MANAGEMENT COMPANY, LLC; and DOES 1-10, inclusive,<br><br>                Defendants. | Case No. 5:17-cv-04382-HRL<br><br>THE CALIBER DEFENDANTS' RESPONSE TO THE COURT'S OSC CONCERNING SUBJECT MATTER JURISDICTION; AND DECLARATION OF EDUARDO RAMIREZ<br><br>Assigned To: Howard R. Lloyd |

**TroyGould PC**

THE CALIBER DEFENDANTS' RESPONSE TO THE COURT'S OSC CONCERNING
SUBJECT MATTER JURISDICTION; AND DECLARATION OF EDUARDO RAMIREZ

01425-0273 297362.4

1  Defendants Caliber Home Loans, Inc., U.S. Bank Trust, N.A., as Trustee for LSF8

2  Master Participation Trust, and Summit Management Company, LLC ("Summit")

3  (collectively, the "Caliber Defendants") hereby submit their response to the Court's August

4  4, 2017 Order to Show Cause ("OSC"), insofar as that OSC concerns diversity of the

5  citizenship between plaintiff and Summit.

6  The OSC states the following:

7  The notice of removal asserts, among other things, that Rushmore "is
   headquartered in and a resident of Delaware," and that defendant
8  Summit Management Company, LLC "was and is incorporated in
   Delaware with its headquarters in Texas." (Dkt. 1, Notice of Removal
9  ¶¶ 6, 9).  The notice goes on to conclude that complete diversity exists
   because "Plaintiffs reside in California; and the Defendants in this
10  action, are headquartered in or residents of Delaware." (Id. ¶ 10).

11  For purposes of diversity jurisdiction, LLCs are treated like
   partnerships. *Johnson v.  Columbia Properties Anchorage, LP*, 437
12  F.3d 894, 899 (9th Cir. 2006).  Thus, "like a partnership, an LLC is a
   citizen of every state of which its owners/members are citizens." *Id.*
13  Defendants' notice of removal does not identify the citizenship of all
   of the owners/members of Rushmore or Summit Management
14  Company, LLC.  Thus, the court cannot determine whether subject-
   matter jurisdiction exists on the basis of diversity of citizenship.
15
16  Defendants are therefore ordered to show cause why this matter should
   not be dismissed for lack of subject matter jurisdiction.  A response to
17  this order to show cause is due August 14, 2017.  Defendants' response
   requires evidence, via declaration or otherwise, that all of the
18  owners/members of the LLCs are diverse in citizenship from plaintiff.
   Failure to timely provide such evidence will result in remand to the
19  state court for lack of subject matter jurisdiction.

20  Defendant Summit Management Company, LLC is a citizen of Delaware and Texas,

   for the purposes of diversity jurisdiction:

21
22  • As the Court's OSC states, for purposes of diversity jurisdiction, LLCs are

23  treated like partnerships. *Johnson v.  Columbia Properties Anchorage, LP*,

24  437 F.3d 894, 899 (9th Cir. 2006).  Thus, "like a partnership, an LLC is a

   citizen of every state of which its owners/members are citizens." *Id.*

25
26  • Summit Management Company, LLC's only member is defendant Caliber

27  Home Loans, Inc. Declaration of Eduardo Ramirez ("Ramirez Decl."), ¶¶ 3, 5

28  & 6.

**TroyGould**
**PC**

THE CALIBER DEFENDANTS' RESPONSE TO THE COURT'S OSC CONCERNING
SUBJECT MATTER JURISDICTION; AND DECLARATION OF EDUARDO RAMIREZ
01425-0273 297362.4

1    • For the purposes of diversity analysis, the "citizenship of a corporation shall

2       be deemed to be a citizen of every State and foreign state by which it has been

3       incorporated and of the State or foreign state where it has its principal place

4       of business." 28 U.S.C.A. § 1332 (West).

5    • Caliber Home Loans, Inc. is a corporation incorporated under the laws of the

6       State of Delaware with its principal place of business in the State of Texas.

7       Ramirez Decl., ¶¶ 3-4.

8    Therefore, diversity of citizenship exists between plaintiff (who resides in California

9    (Compl. ¶ 2)), and Summit Management Company, LLC,

10

11

12   Dated:  August 14, 2017                      RUSS M. FUKANO
                                                  ANNMARIE MORI
13                                                TROYGOULD PC

14

15                                          By:  /s/ AnnMarie Mori
                                                 _____
16                                                AnnMarie Mori
                                                  Attorneys for Defendants
17                                                Caliber Home Loans, Inc., U.S. Bank Trust,
                                                  N.A., as Trustee for LSF8 Master Participation
18                                                Trust, and Summit Management Company,
                                                  LLC

19

20

21

22

23

24

25

26

27

28

**TroyGould PC**

2

THE CALIBER DEFENDANTS' RESPONSE TO THE COURT'S OSC CONCERNING
SUBJECT MATTER JURISDICTION; AND DECLARATION OF EDUARDO RAMIREZ

01425-0273  297362.4

DECLARATION OF EDUARDO RAMIREZ

I, Eduardo Ramirez, declare as follows:

1.    I am over the age of 18 and I have been employed by Summit Management Company, LLC ("Summit") since October, 2011, and presently serve in the capacity of Vice President. I make this declaration in support of the response by Caliber Home Loans, Inc., U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust, and Summit Management Company, LLC to the Court's August 4, 2017 Order to Show Cause concerning subject matter jurisdiction. I have personal knowledge of the matters stated herein, and if called, could and would testify competently thereto.

2.    In my capacity as Vice President at Summit, I have access and reviewed the files and records with respect to the organization and status of Caliber Home Loans, Inc. and Summit Management Company, LLC. I declare that those files and records reflect the facts set forth herein.

3.    Caliber Home Loans, Inc. ("Caliber") is a corporation incorporated under the laws of the State of Delaware. In that regard, attached hereto as Exhibit A is a true and correct copy of Caliber's By-Laws, identifying Caliber as a Delaware corporation that was formerly known as Vericrest Financial, Inc.

4.    Caliber's principal place of business is in the State of Texas, in that: (a) Caliber's By-Laws (Exhibit A hereto) provide that Caliber's principal office shall be at 3701 Regent Boulevard, Irving, Texas 75063; and (b) 3701 Regent Boulevard, Irving, Texas 75063 is the location of Caliber's corporate headquarters, at which Caliber's board and high level officers direct, control and coordinate Caliber's activities.

5.    Summit Management Company, LLC ("Summit") is a limited liability company organized under the laws of the State of Delaware. In that regard, collectively attached hereto as Exhibit B are true and correct copies of Summit's filings with the California Secretary of State, showing that: (a) on December 5, 2008, LSF6 LS LCC , a Delaware limited liability company, registered with the California Secretary of State; (b) on November 19, 2009, a Limited Liability Company Application for Registration Certificate

**TroyGould
PC**

1

1    of Amendment concerning LSF6 LS LLC was filed with the California Secretary of State,

2    stating that the name of that limited liability company in its home state (i.e., Delaware) had

3    been changed to Summit Trustee Services, LLC, and changing the name under which that

4    limited liability company conducts business in California to Summit Management

5    Company, LLC.

6        6.     Summit's only member is Caliber Home Loans, Inc.  In that regard, attached

7    hereto as Exhibit C is a true and correct copy of the Amended and Restated Limited

8    Liability Company Agreement of Summit Trustee Services, LLC (i.e., the Delaware limited

9    liability company conducting business in California as Summit Management Company,

10    LLC, as set forth in paragraph 5 above), showing that Caliber (then known as Vericrest

11    Financial, Inc.) is the sole member, with 100 percent of the membership interest.

12

13        I declare under penalty of perjury under the laws of the United States of America

14    that the foregoing is true and correct.

15        Executed this 14 th day of August , 2017, at San Diego, CA .

16

17

18                                    Eduardo Ramirez, Vice President

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

BY-LAWS

OF

CALIBER HOME LOANS, INC.

(a Delaware Corporation f/k/a
Vericrest Financial, Inc.)


Adopted April 8, 2013


ARTICLE I - OFFICES

The principal office of the Corporation shall be at 3701 Regent Boulevard, Irving, Texas 75063.  The Corporation may also have offices at such other places within or without the State of Delaware as the Board of Directors may from time to time determine or as the business of the Corporation may require.


ARTICLE II - STOCKHOLDERS

Section 1.    Place of Meetings. Meetings of Stockholders shall be held at the principal office of the Corporation or at such places within or without the State of Delaware as determined by the Board of Directors and set forth in the notice of meeting or in a duly executed waiver of notice thereof.

Section 2.    Annual Meeting.  The annual meeting of the Stockholders shall be held on the date at the time as shall be designated, from time to time, by the Board of Directors and stated in the notice of the annual meeting sent to Stockholders in accordance with these By-Laws and the General Corporation Law of the State of Delaware.  At such meeting the Stockholders shall elect a Board of Directors and transact such other business as may properly come before the meeting. If the annual meeting of Stockholders is not held as herein prescribed, the election of Directors may be held at any meeting thereafter called.

Section 3.    Special Meetings.  Special meetings of the Stockholders may be called, at any time, by the Board of Directors, and must be called by the Secretary (or other appointed officer) at the request, in writing, by ten percent (10%) of the outstanding shares entitled to vote at such special meeting.

Section 4.    Fixing Record Date.   In order that the Corporation may determine the Stockholders entitled to notice of or to vote at any meeting of Stockholders or any adjournment thereof, or to express consent to corporate action in writing without a meeting, or entitled to receive payment of any dividend or other distribution or allotment of any rights, or entitled to exercise any rights in respect of any change, conversion or exchange of stock or for the purpose of any other lawful action, the Board of Directors may fix a record date, which record date shall

EXHIBIT A

not precede the date upon which the resolution fixing the record date is adopted by the Board of Directors, and which record date: (1) in the case of determination of Stockholders entitled to vote at any meeting of Stockholders or adjournment thereof, shall, unless otherwise required by law, not be more than sixty (60) nor less than ten (10) days before the date of such meeting; (2) in the case of determination of Stockholders entitled to express consent to corporate action in writing without a meeting, shall not be more than ten (10) days from the date upon which the resolution fixing the record date is adopted by the Board of Directors; and (3) in the case of any other action, shall not be more than sixty (60) days prior to such other action. If no record date is fixed: (1) the record date for determining Stockholders entitled to notice of or to vote at a meeting of Stockholders shall be at the close of business on the day next preceding the day on which notice is given, or, if notice is waived, at the close of business on the day next preceding the day on which the meeting is held; (2) the record date for determining Stockholders entitled to express consent to corporate action in writing without a meeting, when no prior action of the Board of Directors is required by law, shall be the first date on which a signed written consent setting forth the action taken or proposed to be taken is delivered to the Corporation in accordance with applicable law, or, if prior action by the Board of Directors is required by law, shall be at the close of business on the day on which the Board of Directors adopts the resolution taking such prior action; and (3) the record date for determining Stockholders for any other purpose shall be at the close of business on the day on which the Board of Directors adopts the resolution relating thereto. A determination of Stockholders of record entitled to notice of or to vote at a meeting of Stockholders shall apply to any adjournment of the meeting; provided, however, that the Board of Directors may fix a new record date for the adjourned meeting.

Section 5.     Notice of Meetings of Stockholders.     Written notice of meetings of Stockholders shall be given either personally or by mail, facsimile or electronic transmission or any other means permitted under applicable law to each Stockholder entitled to vote at such meeting, not less than ten (10) nor more than sixty (60) days before the date of the meeting. Such notice shall state the place, date and time of the meeting and, unless it is the annual meeting, shall state the purpose or purposes for which it is called and that it is being issued by, or at the direction of the person or persons calling the meeting. No business- other than that specified in the notice of meeting shall be transacted at any such special meeting. If action is proposed to be taken that might entitle Stockholders to payment for their shares, the notice shall include a statement of that purpose and to that effect. If mailed, the notice shall be deemed given when deposited in the United States mail, postage prepaid and directed to the Stockholder at the address which appears on the record of Stockholders. If transmitted electronically or by facsimile, such notice shall be deemed given when transmitted to the Stockholder by an electronic or facsimile transmission to any address or number of the Stockholder at which the Stockholder receives electronic or facsimile transmissions.

Sections 6.     Organization of Meetings.     Meetings of Stockholders shall be presided over by a chairman designated by the Board of Directors. Any person appointed as chairman may also be an officer of the Corporation. The Secretary shall act as secretary of the meeting, but in his absence the chairman of the meeting may appoint any person to act as secretary of the meeting. Any previously scheduled meeting of Stockholders may be postponed or canceled by action of the Board of Directors taken prior to the time previously scheduled for such meeting of Stockholders.

BYLAWS OF CALIBER HOME LOANS, INC.        - Page 2

Section 7.    <u>Waivers</u>.  Notice of meetings need not be given to any Stockholder who signs a waiver of notice, in person or by proxy, whether before or after the meeting. The attendance of any Stockholder at a meeting, in person or by proxy, without protesting prior to the conclusion of the meeting the lack of notice of such meeting, shall constitute a waiver of notice by him.

Section 8.    <u>Quorum of Stockholders</u>.  The holders of a majority of the shares entitled to vote thereat, present in person or represented by proxy, shall constitute a quorum at a meeting of Stockholders for the transaction of any business.  When a quorum is once present to organize a meeting, it is not broken by the subsequent withdrawal of any Stockholders, and the Stockholders present may adjourn the meeting  despite the absence of  a quorum.    In case a quorum shall not be present at any meeting, the chairman of the meeting or the holders of a majority of the shares entitled to vote thereat, present in person or by proxy, shall have power to adjourn the meeting from time to time until the requisite number of shares entitled to vote shall be present.  The chairman of the meeting may determine the date, time and place that a meeting so adjourned is to reconvene.  Notice of adjournment of a meeting of Stockholders need not be given if the date, time and place to which it is adjourned are announced at such meeting, unless the adjournment is for more than 120 days after the original record date or a new record date is fixed by the Board of Directors for the adjourned meeting.  At any such adjourned meeting at which the requisite number of shares entitled to vote shall be represented, any business may be transacted which might have been transacted at the meeting as originally noticed; but only those stockholders entitled to vote at the meeting as originally noticed shall be entitled to vote at any adjournment or adjournments thereof.

Section 9.    <u>Proxies</u>.  Every Stockholder entitled to vote at a meeting of Stockholders or to express consent or dissent without a meeting may authorize another person or persons to act for him by proxy.  Every proxy must be signed by the Stockholder or his attorney-in-fact. The Stockholder may authorize a person to act as such Stockholder's proxy by transmitting, or authorizing the transmission of, an authorization for such person to act as proxy to the person authorized to act as proxy or any other person authorized to receive the proxy authorization on behalf of the person authorized to act as the proxy, including a proxy solicitation firm or proxy support service organization.    Any such authorization may be transmitted by a telegram, cablegram, datagram, electronic mail or any other means permitted by applicable law.  No proxy shall be voted or acted upon after three (3) years from its date, unless such proxy provides for a longer period.  Every proxy shall be revocable at the pleasure of the Stockholder executing it except where an irrevocable proxy is permitted by law; provided, that a duly executed proxy shall be irrevocable only if it states that it is irrevocable and only as long as it is coupled with an interest sufficient in law to support an irrevocable power.

Section 10.    <u>Qualifications of Voters</u>.  Every Stockholder of record shall be entitled at every meeting of Stockholders to one (1) vote for every share standing in his name on the record of Stockholders, unless otherwise provided in the Amended and Restated Certificate of Incorporation of the Corporation.

Section 11.   <u>Vote of Stockholders</u>.  Except as otherwise provided under the General Corporation Law of the State of Delaware or in the Amended and Restated Certificate of Incorporation of the Corporation:

(a)   All corporate action other than election of Directors shall require the affirmative vote of a majority of shares entitled to vote thereon.

(b)   Voting at all meetings of Stockholders shall  be viva voce, but the chairman  of the meeting may determine  that any vote shall be by written ballot, each of which shall state the name of the Stockholder  voting and the number of shares voted by him.  If such ballot be cast by a proxy, it shall also state the name of such proxy.

(c)   With respect to the election of Directors, a plurality of the votes cast at a meeting shall, unless otherwise required under the General Corporation Law of the State of Delaware or by the Amended and Restated Certificate of Incorporation of the Corporation, be sufficient to elect each Director.

(d)   A complete list of the Stockholders entitled to vote at the ensuing election, arranged in alphabetical order, with the address of each, and the number of shares held by each, shall be open to the examination of any Stockholder, for any purpose germane to the meeting, during ordinary business hours, for a period of at least ten days prior to the meeting, at the principal office of the Corporation.  The list shall also be produced and kept at the time and place of the meeting during the whole time thereof, and may be inspected by any Stockholder who is present.

Section  12.   <u>Written Consent of Stockholders</u>.  Whenever by a provision of statute or of the Amended and Restated Certificate of Incorporation of the Corporation or by these By-Laws, the vote of Stockholders is required or permitted  to be taken at a meeting thereof in connection with any corporation  action, the meeting and the vote of Stockholders may be dispensed with if a consent or consents in writing, setting forth the action so taken, shall be signed by the holders of outstanding  stock having not less than the minimum number of votes that would be necessary to authorize  or take  such  action  at a meeting  at  which all shares entitled  to  vote  thereon  were present and voted.

Section  13.   <u>Review by Stockholders of the Books and Records of the Corporation</u>. Each Stockholder of record, or a representative designated by such Stockholder of record, shall be entitled to inspect the books, records and documents of the Corporation upon reasonable request and upon adequate notice to the Corporation, at such Stockholder's sole cost and expense.

## ARTICLE III - DIRECTORS

Section 1.    Board of Directors.    The business of the Corporation  shall be managed by or under  the direction  of its Board  of Directors,  each  of whom  shall  be at least twenty-one  (21) years of age and need not be Stockholders.

Section 2.    Number of Directors.    The number of Directors constituting the entire Board of Directors shall be not less than one (1) nor more than nine (9).  Within said limits, such number of Directors shall be fixed, from time to time, by resolution of the Board of Directors or by the Stockholders.

Section. 3.    Election and Term of Directors.    At each annual meeting of Stockholders, the Stockholders shall elect Directors to hold office until the next annual meeting.  Each Director shall hold office until the expiration of the term for which he is elected and until his successor has been elected and qualified or until his prior death, resignation or removal.

Section 4.    Newly Created Directorships and Vacancies.    Except as otherwise provided in the Amended and Restated Certificate of Incorporation of the Corporation, newly created directorships resulting from an increase in the number of Directors and vacancies occurring in the Board of Directors for any reason except the removal of Directors may be filled by a vote of a majority of the Directors then in office, even though less than a quorum exists. Vacancies occurring by reason of the removal of Directors shall be filled by a vote of the Stockholders.  A Director elected to fill a vacancy caused by resignation, death or removal shall be elected to hold office for the unexpired term of his predecessor.

Section 5.    Removal of Directors.  Any or all of the Directors may be removed with or without cause by majority vote of the Stockholders.

Section 6.    Resignation.  A Director may resign at any time by giving written notice to the Board of Directors, the Chief Executive Officer or the Secretary (or other appointed officer) of the Corporation.  Unless otherwise specified in the notice, the resignation shall take effect upon receipt thereof by the Board of Directors or such officer, and acceptance of the resignation shall not be necessary to make it effective.

Section 7.    Powers.    The Board of Directors shall exercise all of the powers of the Corporation except such as are by the General Corporation Law of the State of Delaware, the Amended and Restated Certificate of Incorporation of the Corporation or these By-Laws expressly conferred upon or reserved to the Stockholders.  If a quorum is present at any meeting of the Board of Directors, all action permitted or required to be taken shall be taken by a vote of a majority of the Directors present, unless a different vote is specified under the General Corporation  Law of the State of Delaware, the Amended  and Restated Certificate of Incorporation of the Corporation or these By-Laws.

Section 8.    Quorum of Directors.    A majority of the Directors in office shall constitute a quorum for the transaction of business or of any specified item of business by the Board of Directors.  If at any meeting of the Board of Directors there shall be less than a quorum

present, a majority of the Directors present may adjourn the meeting from time to time until a quorum is obtained, and no further notice thereof need be given other than by announcement at the meeting which shall be so adjourned.

Section 9.      Action of the Board of Directors: Validity of Contracts. The vote of a majority of the Directors present at the time of the vote, if a quorum is present at such time, shall be the act of the Board of Directors.  Each Director present shall have one (1) vote, regardless of the number of shares, if any, which he may hold.   No contract or other transaction between this Corporation and any other corporation or person shall be impaired, affected or invalidated, nor shall any Directors be liable in any way by reason of the fact that any one or more of the Directors of this Corporation is or are interested in, or is a director or officer, or are directors or officers of such other corporation or entity; provided, that such facts are disclosed or made known to the Board of Directors.  Any Director, personally and individually, may be a party to or may be interested in any contract or transaction of this Corporation, and no Director shall be liable in any way by reason of such interest; provided, that the fact of such interest be disclosed or made known to the Board of Directors and the Board of Directors  shall authorize, approve or ratify such contract or transaction  by the vote (not counting the vote of any such Director) of a majority  of the disinterested  Directors, notwithstanding the presence  of any such Director at the meeting  at which such action  is taken.  Such Director or Directors  may be counted in determining the presence of a quorum at such meeting.   This Section shall not be construed to impair or invalidate or in any way affect any contract or other transaction which would otherwise be valid under the law applicable thereto.

Section 10.      Place and Time of Meetings.    The Board of Directors may hold its meetings at the principal office of the Corporation or at such other places, either within or without the State of Delaware, and at such times, as it may from time to time determine.

Section 11.      Annual Meeting.   An annual meeting of the Board of Directors shall be held immediately following the annual meeting of Stockholders at the place of such annual meeting of Stockholders, and no notice of such meeting shall be necessary, or such other date, time and place as the Board of Directors may determine.

Section 12.      Attendance by Stockholders of Meetings of the Board of Directors.

Any Stockholder of record, or a representative designated by any Stockholder of record, shall be permitted to attend any or all meetings of the Board of Directors in an advisory capacity; provided that Stockholders or representative of Stockholders shall not be entitled to vote at such meetings of the Board of Directors.  Such Stockholders or representatives of Stockholders, shall be entitled to receive notice of board meetings and copies of materials (e.g., board packages) provided at such meetings.

Section 13.      Notice of Meetings of the Board of Directors; Adjournment.

(a)      Regular meetings of the Board of Directors may be held without notice at such time and place as it shall, from time to time, determine; provided Stockholders shall

be given prior notice of all such regular meetings. Special meetings of the Board of Directors shall be held upon notice to the Directors and the Stockholders and may be called by the Chief Executive Officer, either personally or by mail or by wire (which may include email and/or telephonic communication); special meetings shall be called by the Chief Executive Officer or by the Secretary (or other appointed officer) on written request of at least one (1) Director.   Notice by mail shall be given at least three (3) days prior to the meeting and will be deemed given when deposited in the United States mail, postage prepaid and directed to the Director or Stockholder at the address which appears on the records of the Corporation. Telephone notice shall be given at least 24 hours prior to the meeting and shall be deemed given when the Director or Stockholder is personally given such notice in a telephone call to which he or she is a party.  Electronic or facsimile-transmission notice shall be given at least 24 hours prior to the meeting and shall be deemed given when transmitted to the Director or Stockholder by an electronic or facsimile  transmission to any address or number  of  the  Director or Stockholder at which the Director or Stockholder receives electronic or facsimile transmissions. Notice of a meeting need not be given to any Director who submits a waiver of notice whether before or after the meeting or who attends the meeting without protesting prior thereto, or at its commencement, the lack of notice to him.

      (b)     A majority of the Directors present, whether or not a quorum is present, may adjourn any meeting to another time and place.  Notice of the adjournment shall be given to all Directors who were absent at the time of the adjournment and the Stockholders, and, unless such time and place are announced at the meeting, to the other Directors and the Stockholders.

Section 14.    <u>Chairman</u>.   At all meetings of the Board of Directors, a chairman chosen by the Board of Directors shall preside.  The Board of Directors may, in its sole discretion, appoint a designated "Chairman of the Board of Directors" to serve in the capacity of chairman as described herein, and for such term as set forth in a resolution adopted by the Board of Directors.  Any person appointed as Chairman of the Board of Directors may also be an officer of the Corporation.

Section 15.    <u>Compensation</u>.  Except as otherwise determined by the Board of Directors, no compensation  shall be paid to Directors or members of any committee, as such, for their services, but  by resolution of the Board  of Directors  a fixed sum and expenses  for attendance at each regular  or special  meeting of the Board of Directors or of any such committee  may  be authorized.  Nothing herein contained shall be construed to preclude any Director or committee member from serving the Corporation in any other capacity and receiving compensation therefor.

Section 16.    <u>Written Consent of Directors</u>.  Whenever, by provision of statute or of the Amended and Restated Certificate of Incorporation of the Corporation or by these By-Laws, the vote of the Board of Directors or any committee thereof is required or permitted to be taken at a meeting thereof in connection with any corporate action, the meeting and the vote of the Board of Directors or any committee thereof may be dispensed with if all of the members of the Board

of Directors or the committee consent in writing to the adoption of a resolution authorizing the action.  The resolution and the written consent thereto by the members of the Board of Directors or the committee shall be filed with the minutes of the proceedings of the Board of Directors or committee.

Section 17.  <u>Participation of Directors by Conference Telephone</u>.  Any one or more members of the Board of Directors or any committee thereof may participate in a meeting by means of a conference telephone or similar communications equipment allowing all persons participating in the meeting to hear each other at the same time.  Participation by such means shall constitute presence in person at a meeting.

## ARTICLE IV - COMMITTEES OF THE BOARD OF DIRECTORS

Section 1.  <u>Committees</u>.  The Board of Directors from time to time may designate by resolution of the Board of Directors one or more committees, each committee to consist of one or more of the Directors of the Corporation.  The Board of Directors may designate one or more Directors as alternate members of any committee, who may replace any absent or disqualified member at any meeting of the committee.  In the absence or disqualification of a member of the committee, the member or members thereof present at any meeting and not disqualified from voting, whether or not he, she or they constitute a quorum, may unanimously appoint another member of the Board of Directors to act at the meeting in place of any such absent or disqualified member.  Any such committee, to the extent permitted by law and to the extent provided in the resolution of the Board of Directors, shall have and may exercise all the powers and authority of the Board of Directors in the management of the business and affairs of the Corporation, and may authorize the seal of the Corporation to be affixed to all papers which may require it.

Section 2.  <u>Committee Rules</u>.   Unless the Board of Directors otherwise provides, each committee designated by the Board of Directors may make, alter and repeal rules for the conduct of its business.   In the absence of such rules, each committee shall conduct its business in the same manner as the Board of Directors conducts its business pursuant to Article III of these By- Laws.

Section 3.  <u>Minutes of Committee Meetings</u>.  Each committee shall keep regular minutes of its meetings and report the same to the Board of Directors when required or otherwise upon the request of the Board of Directors.

## ARTICLE V - OFFICERS

Section 1.  <u>Offices. Election. Term.</u>

(a)  The Board of Directors may elect or appoint a Chief Executive Officer, a Chief Financial Officer, a Chief Information Officer, one or more Vice Presidents, a Treasurer, a Controller and a Secretary, and such other officers as it may determine, who shall have such duties, powers and functions as hereinafter provided or as the Board of

Directors may prescribe from time to time, including, without limitation, in respect of terms of office and respective authorities and duties.   Any two or more offices may be held by the same person, except that the Chief Executive Officer and the Chief Financial Officer shall not be the same, and provided that where a person is elected or appointed to a higher office that would encompass the duties and/or authority of that person's prior office, such person shall be deemed automatically removed from their prior office unless specifically provided for by the Board of Directors.

(b)      All officers shall be elected or appointed to hold office until the meeting of the Board of Directors immediately following the annual meeting of Stockholders:

(c)      Each officer shall hold office for the term for which he is elected or appointed and until his successor has been elected or appointed and qualified or until his earlier death, resignation or removal.

(d)      The Board of Directors may appoint (i) such other officers and agents and (ii) such other authorized signatories (which the Board of Directors may specifically designate as officers with the title of Authorized Signatory) as it may deem advisable, who shall hold their offices or signature authority for such term and shall exercise such powers and perform such duties as shall be determined from time to time by the Board of Directors.

Section 2.      Powers and Duties of Officers.  The officers of the Corporation shall have such powers and duties in the management of the Corporation as may be prescribed in a resolution by the Board of Directors and, to the extent not so provided, such powers and duties shall include those that are typical and customary for persons holding such offices in the financial services industry, subject to the control of the Board of Directors. The Board of Directors may require any officer, agent or employee to give security for the faithful performance of his or her duties.

Section 3.      Removal and Resignation.

(a)      Any officer elected or appointed by the Board of Directors may be removed by the Board of Directors at any time, with or without cause.

(b)      If, for any reason, any elected or appointed officer of the Corporation ceases to be employed by LSF6 Service Operations, LLC or any of its affiliates, such cessation of employment shall have the same effect as if such individual resigned as an officer of the Corporation hereunder.  Under such circumstances, the Board of Directors shall not require the resigning officer to deliver a signed resignation, but instead, based on information received from the Human Resources Department of LSF6 Service Operations, LLC or any of its affiliates, the Secretary (or other appointed officer) of the Corporation may file with the minutes of the meetings of the Corporation a notice of the officer's cessation of employment and consequent resignation as an officer of the Corporation.

(d)     In the event of the death, resignation or removal of an officer, the Board of Directors, in its discretion, may elect or appoint a successor to fill the unexpired term.

(e)     The Board of Directors may fill any vacancy occurring in any office for any reason and may, in its discretion, leave unfilled for such period as it may determine any offices.   Each such successor shall hold office for the unexpired term of his predecessor and until his successor is elected and qualified, or until his earlier death, resignation or removal.

Section 4.     The Chief Executive Officer.   The Chief Executive Officer shall have the general powers and duties of management usually vested in the office of Chief Executive Officer of corporations, and shall perform such other duties and have such other powers as the Board of Directors may from time to time prescribe, including, without limitation, presiding at all meetings of the Board of Directors, if requested to do so by the Board of Directors.

Section 5.     The Chief Financial Officer.    The Chief Financial Officer shall have the general powers and duties of management usually vested in the office of Chief Financial Officer of corporations, including overseeing the duties of the Treasurer and the Controller, and shall perform such other duties and have such other powers as the Board of Directors may from time to time prescribe, among which the Chief Financial Officer shall:

(a)     render to the Board of Directors, upon request, an account of all transactions effected as Chief Financial Officer and of the financial condition of the Corporation;

(b)     certify the accounts of the Corporation;

(c)     report to the Board of Directors or to such officer as the Board of Directors may require;

(d)     render a full financial report at the annual meeting of the Stockholders, if so requested; and

(e)     be furnished by the corporate officers and agents, at the request of the Chief Financial Officer, with such reports and statements as the Chief Financial Officer may require as to any and all financial transactions of the Corporation.

Section 6.     The Chief Information Officer.   The Chief Information Officer shall have the general powers and duties of management usually vested in the office of Chief Information Officer of corporations, and shall perform such other duties and have such other powers as the Board of Directors may from time to time prescribe.

Section 7.     The Vice Presidents.    The title of Vice President may be preceded by the words "Executive", "Senior", or "Assistant" to indicate the rank of such Vice President, set forth above in the order of rank with "Executive" being the highest rank of Vice President.  Where a

person is promoted to a higher rank of Vice President, such person shall be deemed automatically removed from their prior office unless specifically provided for by the Board of Directors. The term Vice President(s) as used in these By-Laws shall include all ranks of Vice President.

The Vice Presidents shall possess the power to sign all certificates, contracts, obligations and other instruments to which the Corporation is a party and such execution by any one of the Vice Presidents shall be legal, valid, and binding upon the Corporation.  During the absence or disability of the Chief Executive Officer, the Vice President or, if there are more than one, the Vice Presidents in the order of (i) rank, (ii) election, or (iii) as determined by the Board of Directors, shall have all of the powers and functions of the Chief Executive Officer.  Each Vice President shall perform such other duties as the Board of Directors shall prescribe.

Section 8.    The Secretary.  The Secretary shall:

(a)    keep the minutes of all meetings of the Board of Directors and of the Stockholders and cause the same to be recorded in the books provided for that purpose;

(b)    give or cause to be given notice of all meetings of Stockholders and of special meetings of the Board of Directors;

(c)    keep in safe custody the seal of the Corporation and affix it to any instrument when authorized by the Board of Directors or by these By-Laws;

(d)    when required, prepare or cause to be prepared and available at each meeting of Stockholders a certified list, in alphabetical order, of the names of Stockholders entitled to vote thereat, indicating the number of shares of each respective class held by each;

(e)    keep all the documents and records of the Corporation, as required by law or otherwise, in the proper and safe manner; and

(f)    perform all such other duties as may be incident to the office of Secretary and perform all such other duties as may be prescribed by the Board of Directors.

Section 9.    The Assistant Secretary / Secretaries.  The Assistant Secretary, or if there be more than one, the Assistant Secretaries in the order determined by the Board of Directors, shall, in the absence or disability of the Secretary, perform the duties and exercise the powers of the Secretary and shall perform such other duties and have such other powers as the Board of Directors may from time to time prescribe.

Section 10.    The Treasurer.  The Treasurer shall:

(a)    have custody of the corporate funds and securities;

(b)    keep full and accurate accounts of receipts and disbursements in the corporate books;

    (c)    deposit all money and other valuables in the name and to the credit of the Corporation in such depositories as may be designated by the Board of Directors;

    (d)    disburse the funds of the Corporation as may be ordered or authorized by the Board of Directors and preserve proper vouchers for such disbursements; and

    (e)    perform all such other duties as may be incident to the office of Treasurer and perform all such other duties as may be prescribed by the Board of Directors.

Section 11.    <u>The Assistant Treasurer / Treasurers</u>.  The Assistant Treasurer, or if there be more than one, the Assistant Treasurers in the order determined by the Board of Directors, shall, in the absence or disability of the Treasurer, perform the duties and exercise the powers of the Treasurer and shall perform such other duties and have such other powers as the Board of Directors may from time to time prescribe.

Section 12.    <u>The Controller</u>. The Controller shall examine and attest to the accounts of the Corporation and shall report to the Chief Financial Officer or to such officer as the Board of Directors may require.

Section 13.    <u>The Assistant Controller / Controllers</u>.  The Assistant Controller, or if there be more than one, the Assistant Controllers in the order determined by the Board of Directors, shall, in the absence or disability of the Controller, perform the duties and exercise the powers of the Controller and shall perform such other duties and have such other powers as the Board of Directors may from time to time prescribe.

Section 14.    <u>Delegation of Duties</u>.  In the case of the absence of any officer of the Corporation, or for any other reason that the Board of Directors deems sufficient, the Board of Directors may delegate, for any designated period of time, the powers or duties, or any of these, of such officer to any other officer, or to any Director.

Section 15.    <u>Shares of Other Corporations</u>.  Whenever the Corporation is the holder of shares of any other corporation, any right or power of the Corporation as such stockholder (including the attendance, acting and voting at Stockholders' meetings and execution of waivers, consents, proxies or other instruments) may be exercised on behalf of the Corporation by the Chief Executive Officer, or such other person as the Board of Directors may authorize.

## ARTICLE VI - INDEMNIFICATION

The Corporation shall, to the fullest extent permitted by the General Corporation Law of the State of Delaware, indemnify any and all Directors and officers of the Corporation, and may, to the fullest extent permitted by law or to such lesser extent as is determined in the discretion of the Board of Directors, indemnify any and all other persons whom it shall have power to indemnify, from and against all expenses, liabilities or other matters arising out of their status of such or their acts, omissions or services rendered in such capacities, in all cases subject to the terms and conditions set forth in the Amended and Restated Certificate of Incorporation of the Corporation, as amended from time to time.

## ARTICLE VII - CERTIFICATES FOR SHARES

Section 1.     Certificates.    The shares of the Corporation shall be represented by certificates or uncertificated.   Certificates shall be prepared in such form as the Board of Directors may, from time to time, prescribe and shall be signed by the Chief Executive Officer or any Vice President, and by the Secretary or the Chief Financial Officer, and sealed with the seal of the Corporation or a facsimile.  If the certificates are signed by a transfer agent acting on behalf of the Corporation, and a registrar, the signatures of the officers of the Corporation may  be facsimile.   In case any officer or officers who have signed, or whose facsimile signature or signatures have been used on any such certificate or certificates, shall cease to be such officer or officers of the Corporation, whether because of death, resignation or otherwise, before such certificate or certificates have been delivered by the Corporation, such certificate or certificates may nevertheless be adopted by the Corporation and be issued and delivered as though the person or persons who signed such certificate or certificates, or whose facsimile signature or signatures have been used thereon, had not ceased to be such officer or officers of the Corporation.

Section 2.     Transfer of Shares.

(a)     Upon surrender to the Corporation or the transfer agent of the Corporation, of a certificate for shares duly endorsed or accompanied by proper evidence  of succession, assignment or authority to transfer, it shall be the duty of the Corporation to issue a new certificate; every such transfer shall be entered on the transfer book of the Corporation which shall be kept at its principal office.  No transfer shall be made within ten (10) days next preceding the annual meeting of Stockholders.

(b)     The Corporation shall be entitled to treat the holders of record of any share as the holder in fact thereof and, accordingly, shall not be bound to recognize any equitable or other claim to, or interest in, such share on the part of any other person, whether or not it shall have express or other notice thereof, except as expressly provided by the General Corporation Law of the State of Delaware.

Section 3.     Lost or Destroyed Certificates.  The Board of Directors may direct a new certificate or certificates to be issued in place of any certificate or certificates theretofore issued by the Corporation alleged to have been lost or destroyed, upon the making of an affidavit of that fact by the person claiming the certificate to be lost or destroyed.  When authorizing such issue of a new certificate or certificates, the Board of Directors may, in its discretion and as a condition precedent to the issuance thereof, require the owner of such lost or destroyed certificate or certificates, or his legal representative, to advertise the same in such manner as it shall require and/or give the Corporation a bond in such sum and with such surety or sureties as it may direct as indemnity against any claim that may be made against the Corporation with respect to the certificate alleged to have been lost or destroyed.

## ARTICLE VIII - CORPORATE SEAL

The seal of the Corporation shall be circular in form and bear the name of the Corporation, the year of its organization and the words "Corporate Seal, Delaware".   The seal may be used by causing it to be impressed directly on the instrument or writing to be sealed, or upon adhesive substance affixed thereto.     The seal on the certificates for shares or on any corporate obligation for the payment of money may be facsimile, engraved or printed.

## ARTICLE IX - EXECUTION OF INSTRUMENTS

All corporate checks, demands for money, notes of the Corporation, instruments and documents, shall be signed or countersigned, executed, verified or acknowledged by the Chief Executive Officer, the Chief Financial Officer, the Treasurer, the Controller, any Vice President or such officer or officers or other person or persons as the Board of Directors may, from time to time, designate.

## ARTICLE X - DIVIDENDS

Subject to the provisions of the Amended and Restated Certificate of Incorporation of the Corporation relating thereto, if any, dividends may be declared by the Board of Directors at any regular or special meeting, in accordance with the General Corporation Law of the State of Delaware.  Dividends may be paid in cash, bonds, property or in the shares of the capital stock of the Corporation subject to any provisions of the Amended and Restated Certificate of Incorporation of the Corporation. Before payment of any dividend, there may be set aside out of any funds of the Corporation available for dividends, such sum or sums as the Board of Directors, from time to time, in its discretion, thinks proper as a reserve fund to meet contingencies, or for equalizing dividends, or for repairing or maintaining any property of the Corporation or for such other purpose as the Board of Directors shall think conducive to the interest of the Corporation, and the Board of Directors may modify or abolish any such reserve in the manner in which it was created.

## ARTICLE XI - FISCAL YEAR

The fiscal year of the Corporation shall be as fixed by resolution of the Board of Directors from time to time.

## ARTICLE XII - AMENDMENTS TO BY-LAWS

These By-Laws may be altered, amended or repealed or new By-Laws may be adopted by the Stockholders or by the Board of Directors by written consent of the Stockholders or the Board of Directors or at any regular meeting of the Stockholders or of the Board of Directors or at any special meeting of the Stockholders or of the Board of Directors if notice of such alteration, amendment, repeal or adoption of new By-Laws be contained in the notice of such special meeting. If the power to adopt, amend or repeal By-Laws is conferred upon the Board of Directors by the Amended and Restated Certificate of Incorporation of the Corporation, it shall not divest or limit the power of the Stockholders to adopt, amend or repeal By-Laws.

## ARTICLE XIII - MISCELLANEOUS

Section 1.   <u>Article and Section Headings</u>.   Article and Section headings in these By-Laws are for convenience of reference only and shall not be given any substantive effect in limiting or otherwise construing any provision herein.

Section 2.   <u>Inconsistent Provisions</u>.   In the event that any provision of these By-Laws is or becomes inconsistent   with any provision of   the Amended and Restated Certificate of Incorporation of the Corporation, the General Corporation Law of the State of Delaware or any other applicable law, the provision of these By-Laws shall not be given any effect to the extent of such inconsistency but shall otherwise be given full force and effect.

*   *   *   *

# EXHIBIT B

# State of California
## Secretary of State

# AMENDED CERTIFICATE OF REGISTRATION

I, DEBRA BOWEN, Secretary of State of the State of California, hereby certify:

That on the 19th day of November, 2009, there was filed in this office an Amended Application for Registration, Foreign Limited Liability Company whereby the name, under which the foreign limited liability company was registered and transacting business in California, as LSF6 LS LLC a limited liability company organized and existing under the laws of Delaware was changed to SUMMIT MANAGEMENT COMPANY, LLC.

This limited liability company complied with the requirements of California law in effect on that date for the purpose of registering to transact intrastate business in the State of California and as of the said date has been and is qualified and authorized to transact intrastate business in the State of California.   Subject, however to any licensing requirements otherwise imposed by the laws of this State.

IN WITNESS WHEREOF, I execute this certificate and affix the Great Seal of the State of California this 19th day of November 2009.



**DEBRA BOWEN**
Secretary of State

EXHIBIT B

amf



# State of California
## Secretary of State

I, DEBRA BOWEN, Secretary of State of the State of California, hereby certify:

That the attached transcript of _____ / page(s) has been compared with the record on file in this office, of which it purports to be a copy, and that it is full, true and correct.



**IN WITNESS WHEREOF,** I execute this certificate and affix the Great Seal of the State of California this day of

NOV 1 9 2009

_____

*Debra Bowen*

DEBRA BOWEN
Secretary of State



# State of California
## Secretary of State

## LIMITED LIABILITY COMPANY
## APPLICATION FOR REGISTRATION
## CERTIFICATE OF AMENDMENT

**A $30.00 filing fee must accompany this form**
**IMPORTANT – Read instructions before completing this form.**

**ENDORSED - FILED**
in the office of the Secretary of State
of the State of California

**NOV 1 9 2009**

This Space For Filing Use Only

---

1. Secretary of State File Number 200834510091

---

2. Name under which this foreign limited liability company is conducting business in California:
LSF6 LS LLC

---

3. **COMPLETE ONLY THE SECTIONS WHERE INFORMATION IS BEING CHANGED. ADDITIONAL PAGES MAY BE ATTACHED, IF NECESSARY. CONSULT THE INSTRUCTIONS BEFORE COMPLETING THIS FORM.**

A. The name under which this foreign limited liability company conducts business in California. (End the name with the words "Limited Liability Company," or "Ltd. Liability Co.," or the abbreviations "LLC" or "L.L.C.")
Summit Management Company, LLC

B. The name of the foreign limited liability company has been changed as follows and has been recorded in the home state or country:
Summit Trustee Services, LLC

C. State or country of formation of the foreign limited liability company, if false or erroneous at time of registration.

D. Date on which the foreign limited liability company was formed, if false or erroneous at time of registration.

E. Address of the principal executive office:   City          State          Zip Code

F. Address of the principal office in California:   City          State   CA    Zip Code

---

4. Future effective date, if any:          Month          Day          Year

---

5. Number of pages attached, if any:

---

6. **Declaration:** It is hereby declared that I am the person who executed this instrument, which execution is my act and deed.

Signature of Authorized Person

November 11, 2009
Date

David Brauer, CFO
Type or Print Name and Title of Authorized Person
of Vericrest Financial, Inc.
"Sole Member"

---

**RETURN TO:**

NAME
FIRM
ADDRESS
CITY/STATE
ZIP CODE

OFFICE OF THE SECRETARY OF STATE

SEC/STATE (REV. 03/2005)

FORM LLC-6 – FILING FEE: $30.00
Approved by Secretary of State

CA084 - 12/11/2006 C T Filing Manager Online



# State of California
## Secretary of State

I, DEBRA BOWEN, Secretary of State of the State of California, hereby certify:

That the attached transcript of _____ page(s) has been compared with the record on file in this office, of which it purports to be a copy, and that it is full, true and correct.



**IN WITNESS WHEREOF,** I execute this certificate and affix the Great Seal of the State of California this day of

**NOV 19 2009**

DEBRA BOWEN
Secretary of State



# State of California
## Secretary of State

## LIMITED LIABILITY COMPANY
## APPLICATION FOR REGISTRATION
## CERTIFICATE OF AMENDMENT

**A $30.00 filing fee must accompany this form**
**IMPORTANT – Read instructions before completing this form.**

**ENDORSED - FILED**
in the office of the Secretary of State
of the State of California

**NOV 19 2009**

This Space For Filing Use Only

1. Secretary of State File Number 200834510091

2. Name under which this foreign limited liability company is conducting business in California:
   LSF6 LS LLC

3. **COMPLETE ONLY THE SECTIONS WHERE INFORMATION IS BEING CHANGED. ADDITIONAL PAGES MAY BE ATTACHED, IF NECESSARY. CONSULT THE INSTRUCTIONS BEFORE COMPLETING THIS FORM.**

   A. The name under which this foreign limited liability company conducts business in California. (End the name with the words "Limited Liability Company," or "Ltd. Liability Co.," or the abbreviations "LLC" or "L.L.C.")
      Summit Management Company, LLC

   B. The name of the foreign limited liability company has been changed as follows and has been recorded in the home state or country:
      Summit Trustee Services, LLC

   C. State or country of formation of the foreign limited liability company, if false or erroneous at time of registration.

   D. Date on which the foreign limited liability company was formed, if false or erroneous at time of registration.

   E. Address of the principal executive office:    City          State          Zip Code

   F. Address of the principal office in California:    City          State **CA**    Zip Code

4. Future effective date, if any:          Month          Day          Year

5. Number of pages attached, if any:

6. **Declaration:** It is hereby declared that I am the person who executed this instrument, which execution is my act and deed.

   Signature of Authorized Person

   November 11, 2009

   Date

   David Brauer, CFO
   Type or Print Name and Title of Authorized Person
   of Vericrest Financial, Inc.
   "Sole Member"

   **RETURN TO:**
   NAME
   FIRM
   ADDRESS
   CITY/STATE
   ZIP CODE

SEC/STATE (REV. 03/2005)

FORM LLC-6 – FILING FEE: $30.00
Approved by Secretary of State

CA084 - 12/11/2006  C T Filing Manager Online



# State of California
## Secretary of State

### STATEMENT OF INFORMATION
(Limited Liability Company)

**L**

**ENDORSED - FILED**
in the office of the Secretary of State
of the State of California

DEC 2 9 2008

| Filing Fee $20.00.  If amendment, see instructions. |
| --- |

**IMPORTANT — READ INSTRUCTIONS BEFORE COMPLETING THIS FORM**

1.  LIMITED LIABILITY COMPANY NAME (Please do not alter if name is preprinted.)

    LSF6 LS LLC

This Space For Filing Use Only

**DUE DATE:** MAR  5 2009

**FILE NUMBER AND STATE OR PLACE OF ORGANIZATION**

| 2.  SECRETARY OF STATE FILE NUMBER | 3. STATE OR PLACE OF ORGANIZATION |
| --- | --- |
| 200834510091 | Delaware |

**COMPLETE ADDRESSES FOR THE FOLLOWING**  (Do not abbreviate the name of the city. Items 4 and 5 cannot be P.O. Boxes.)

| 4.  STREET ADDRESS OF PRINCIPAL EXECUTIVE OFFICE | CITY AND STATE | ZIP CODE |
| --- | --- | --- |
| 2711 N. Haskell Avenue, Suite 1700 | Dallas, Texas | 75204 |

| 5.  CALIFORNIA OFFICE WHERE RECORDS ARE MAINTAINED (DOMESTIC ONLY) | CITY | STATE | ZIP CODE |
| --- | --- | --- | --- |
| | | CA | |

**NAME AND COMPLETE ADDRESS OF THE CHIEF EXECUTIVE OFFICER, IF ANY**

| NAME | ADDRESS | CITY AND STATE | ZIP CODE |
| --- | --- | --- | --- |
| None | | | |

**NAME AND COMPLETE ADDRESS OF ANY MANAGER OR MANAGERS, OR IF NONE HAVE BEEN APPOINTED OR ELECTED, PROVIDE THE NAME AND ADDRESS OF EACH MEMBER**  (Attach additional pages, if necessary.)

| 7.  NAME | ADDRESS | CITY AND STATE | ZIP CODE |
| --- | --- | --- | --- |
| LSF6 Service Operations, LLC | 2711 N. Haskell Avenue, Suite 1700, Dallas, Texas | | 75204 |

| 8.  NAME | ADDRESS | CITY AND STATE | ZIP CODE |
| --- | --- | --- | --- |
| | | | |

| 9.  NAME | ADDRESS | CITY AND STATE | ZIP CODE |
| --- | --- | --- | --- |
| | | | |

**AGENT FOR SERVICE OF PROCESS**  (If the agent is an individual, the agent must reside in California and Item 11 must be completed with a California address.  If the agent is a corporation, the agent must have on file with the California Secretary of State a certificate pursuant to Corporations Code section 1505 and Item 11 must be left blank.)

10.  NAME OF AGENT FOR SERVICE OF PROCESS

CT Corporation System

| 11.  ADDRESS OF AGENT FOR SERVICE OF PROCESS IN CALIFORNIA, IF AN INDIVIDUAL | CITY | STATE | ZIP CODE |
| --- | --- | --- | --- |
| | | CA | |

**TYPE OF BUSINESS**

12.  DESCRIBE THE TYPE OF BUSINESS OF THE LIMITED LIABILITY COMPANY

Real Estate

THE INFORMATION CONTAINED HEREIN IS TRUE AND CORRECT.

| Layne B. LeBaron | | Secretary | 12/29/08 |
| --- | --- | --- | --- |
| TYPE OR PRINT NAME OF PERSON COMPLETING THE FORM | SIGNATURE | TITLE | DATE |

LLC-12 (REV 03/2007)

APPROVED BY SECRETARY OF STATE



# State of California
## Secretary of State

I, DEBRA BOWEN, Secretary of State of the State of California, hereby certify:

That the attached transcript of _____ page(s) was prepared by and in this office from the record on file, of which it purports to be a copy, and that it is full, true and correct.



**IN WITNESS WHEREOF,** I execute this certificate and affix the Great Seal of the State of California this day of

DEC 3 0 2008

DEBRA BOWEN
Secretary of State



# State of California
## Secretary of State

**STATEMENT OF INFORMATION**
(Limited Liability Company)

**L**

**FILED**
in the office of the Secretary of State
of the State of California

DEC 2 9 2008

| Filing Fee $20.00. If amendment, see instructions. |
|---|

**IMPORTANT — READ INSTRUCTIONS BEFORE COMPLETING THIS FORM**

1. LIMITED LIABILITY COMPANY NAME (Please do not alter if name is preprinted.)

   LSF6 LS LLC

This Space For Filing Use Only

**DUE DATE:** MAR 5 2009

**FILE NUMBER AND STATE OR PLACE OF ORGANIZATION**

| 2. SECRETARY OF STATE FILE NUMBER | 3. STATE OR PLACE OF ORGANIZATION |
|---|---|
| 200834510091 | Delaware |

**COMPLETE ADDRESSES FOR THE FOLLOWING** (Do not abbreviate the name of the city. Items 4 and 5 cannot be P.O. Boxes.)

| 4. STREET ADDRESS OF PRINCIPAL EXECUTIVE OFFICE | CITY AND STATE | ZIP CODE |
|---|---|---|
| 2711 N. Haskell Avenue, Suite 1700 | Dallas, Texas | 75204 |

| 5. CALIFORNIA OFFICE WHERE RECORDS ARE MAINTAINED (DOMESTIC ONLY) | CITY | STATE | ZIP CODE |
|---|---|---|---|
| | | CA | |

**NAME AND COMPLETE ADDRESS OF THE CHIEF EXECUTIVE OFFICER, IF ANY**

| 6. NAME | ADDRESS | CITY AND STATE | ZIP CODE |
|---|---|---|---|
| None | | | |

**NAME AND COMPLETE ADDRESS OF ANY MANAGER OR MANAGERS, OR IF NONE HAVE BEEN APPOINTED OR ELECTED, PROVIDE THE NAME AND ADDRESS OF EACH MEMBER** (Attach additional pages, if necessary.)

| 7. NAME | ADDRESS | CITY AND STATE | ZIP CODE |
|---|---|---|---|
| LSF6 Service Operations, LLC | 2711 N. Haskell Avenue, Suite 1700, Dallas, Texas | | 75204 |

| 8. NAME | ADDRESS | CITY AND STATE | ZIP CODE |
|---|---|---|---|
| | | | |

| 9. NAME | ADDRESS | CITY AND STATE | ZIP CODE |
|---|---|---|---|
| | | | |

**AGENT FOR SERVICE OF PROCESS** (If the agent is an individual, the agent must reside in California and Item 11 must be completed with a California address. If the agent is a corporation, the agent must have on file with the California Secretary of State a certificate pursuant to Corporations Code section 1505 and Item 11 must be left blank.)

10. NAME OF AGENT FOR SERVICE OF PROCESS

   CT Corporation System     (C0168406)

| 11. ADDRESS OF AGENT FOR SERVICE OF PROCESS IN CALIFORNIA, IF AN INDIVIDUAL | CITY | STATE | ZIP CODE |
|---|---|---|---|
| | | CA | |

**TYPE OF BUSINESS**

12. DESCRIBE THE TYPE OF BUSINESS OF THE LIMITED LIABILITY COMPANY

   Real Estate

THE INFORMATION CONTAINED HEREIN IS TRUE AND CORRECT.

| Layne B. LeBaron | | Secretary | 12/29/08 |
|---|---|---|---|
| TYPE OR PRINT NAME OF PERSON COMPLETING THE FORM | SIGNATURE | TITLE | DATE |

| LLC-12 (REV 03/2007) | APPROVED BY SECRETARY OF STATE |
|---|---|

# State of California
## Secretary of State

## CERTIFICATE OF REGISTRATION

I, DEBRA BOWEN, Secretary of State of the State of California, hereby certify:

That on the **5th day of December**, **2008, LSF6 LS LLC**, complied with the requirements of California law in effect on that date for the purpose of registering to transact intrastate business in the State of California; and further purports to be a limited liability company organized and existing under the laws of **Delaware as LSF6 LS LLC** and that as of said date said limited liability company became and now is duly registered and authorized to transact intrastate business in the State of California, subject, however, to any licensing requirements otherwise imposed by the laws of this State.

**IN WITNESS WHEREOF**, I execute this certificate and affix the Great Seal of the State of California this day of December 10, 2008.



**DEBRA BOWEN**
**Secretary of State**

lg

NP-25 (REV 1/2007)

OSP 06 99731



# State of California
## Secretary of State

I, DEBRA BOWEN, Secretary of State of the State of California, hereby certify:

That the attached transcript of ____1____ page(s) has been compared with the record on file in this office, of which it purports to be a copy, and that it is full, true and correct.



**IN WITNESS WHEREOF,** I execute this certificate and affix the Great Seal of the State of California this day of

DEC 1 0 2008

_____

DEBRA BOWEN
Secretary of State

2 0 0 8 3 4 5 1 0 0 9 1

| LLC-5 | File # _____ |

**State of California**
**Secretary of State**

**LIMITED LIABILITY COMPANY**
**APPLICATION FOR REGISTRATION**

A $70.00 filing fee AND a certificate of good standing from an authorized public official of the jurisdiction of formation must accompany this form.

**IMPORTANT – Read instructions before completing this form.**

**ENDORSED - FILED**
In the office of the Secretary of State
of the State of California

**DEC  5 2008**

This Space For Filing Use Only

**ENTITY NAME** (End the name in Item 1 with the words "Limited Liability Company," or the abbreviations "LLC" or "L.L.C." The words "Limited" and "Company" may be abbreviated to "Ltd." and "Co.," respectively.)

1. NAME UNDER WHICH THE FOREIGN LIMITED LIABILITY COMPANY PROPOSES TO REGISTER AND TRANSACT BUSINESS IN CALIFORNIA

LSF6 LS LLC

2. NAME OF THE FOREIGN LIMITED LIABILITY COMPANY, IF DIFFERENT FROM THAT ENTERED IN ITEM 1 ABOVE

**DATE AND PLACE OF ORGANIZATION**

3. THIS FOREIGN LIMITED LIABILITY COMPANY WAS FORMED ON  12  -  01  -  2008   IN        Delaware
                                                        (MONTH)   (DAY)   (YEAR)              (STATE OR COUNTRY)

AND IS AUTHORIZED TO EXERCISE ITS POWERS AND PRIVILEGES IN THAT STATE OR COUNTRY.

**AGENT FOR SERVICE OF PROCESS** (If the agent is an individual, the agent must reside in California and both Items 4 and 5 must be completed. If the agent is a corporation, the agent must have on file with the California Secretary of State a certificate pursuant to Corporations Code section 1505 and Item 4 must be completed (leave Item 5 blank).

4. NAME OF AGENT FOR SERVICE OF PROCESS

C T Corporation System

5. IF AN INDIVIDUAL, ADDRESS OF INITIAL AGENT FOR SERVICE OF PROCESS IN CALIFORNIA      CITY        STATE    ZIP CODE
                                                                                                    CA

**APPOINTMENT** (The following statement is required by statute and should not be altered.)

6. IN THE EVENT THE ABOVE AGENT FOR SERVICE OF PROCESS RESIGNS AND IS NOT REPLACED, OR IF THE AGENT CANNOT BE FOUND OR SERVED WITH THE EXERCISE OF REASONABLE DILIGENCE, THE SECRETARY OF STATE OF THE STATE OF CALIFORNIA IS HEREBY APPOINTED AS THE AGENT FOR SERVICE OF PROCESS OF THIS FOREIGN LIMITED LIABILITY COMPANY.

**OFFICE ADDRESSES** (Do not abbreviate the name of the city.)

7. ADDRESS OF THE PRINCIPAL EXECUTIVE OFFICE                        CITY AND STATE          ZIP CODE

2711 N. Haskell Avenue, Suite 1700, Dallas, TEXAS 75204

8. ADDRESS OF THE PRINCIPAL OFFICE IN CALIFORNIA, IF ANY              CITY        STATE    ZIP CODE
                                                                                  CA

**EXECUTION**

9. I DECLARE I AM THE PERSON WHO EXECUTED THIS INSTRUMENT, WHICH EXECUTION IS MY ACT AND DEED.

December 3, 2008
DATE

SIGNATURE OF AUTHORIZED PERSON
By: Layne B. LeBaron, Secretary

LSF6 Service Operations, LLC, Member
TYPE OR PRINT NAME AND TITLE OF AUTHORIZED PERSON

LLC-5 (REV 04/2007)                                                          APPROVED BY SECRETARY OF STATE



# State of California
## Secretary of State

I, DEBRA BOWEN, Secretary of State of the State of California, hereby certify:

That the attached transcript of _____ page(s) has been compared with the record on file in this office, of which it purports to be a copy, and that it is full, true and correct.



**IN WITNESS WHEREOF,** I execute this certificate and affix the Great Seal of the State of California this day of

DEC 1 0 2008

DEBRA BOWEN
Secretary of State

*Sec/State Form CE-107 (REV 1/2007)*                                   OSP 06 99734

2 0 0 8 3 4 5 1 0 0 9 1

| LLC-5 | File # _____ |

## State of California
### Secretary of State

**LIMITED LIABILITY COMPANY
APPLICATION FOR REGISTRATION**

**ENDORSED - FILED**
In the office of the Secretary of State
of the State of California

DEC  5 2008

A $70.00 filing fee AND a certificate of good standing from an authorized public official of the jurisdiction of formation must accompany this form.

**IMPORTANT – Read instructions before completing this form.**          This Space For Filing Use Only

**ENTITY NAME** (End the name in Item 1 with the words "Limited Liability Company," or the abbreviations "LLC" or "L.L.C." The words "Limited" and "Company" may be abbreviated to "Ltd." and "Co.," respectively.)

1.  NAME UNDER WHICH THE FOREIGN LIMITED LIABILITY COMPANY PROPOSES TO REGISTER AND TRANSACT BUSINESS IN CALIFORNIA

LSF6 LS LLC

2.  NAME OF THE FOREIGN LIMITED LIABILITY COMPANY, IF DIFFERENT FROM THAT ENTERED IN ITEM 1 ABOVE

**DATE AND PLACE OF ORGANIZATION**

3.  THIS FOREIGN LIMITED LIABILITY COMPANY WAS FORMED ON   12 - 01 - 2008   IN   Delaware
                                                          (MONTH) (DAY) (YEAR)         (STATE OR COUNTRY)

AND IS AUTHORIZED TO EXERCISE ITS POWERS AND PRIVILEGES IN THAT STATE OR COUNTRY.

**AGENT FOR SERVICE OF PROCESS** (If the agent is an individual, the agent must reside in California and both Items 4 and 5 must be completed. If the agent is a corporation, the agent must have on file with the California Secretary of State a certificate pursuant to Corporations Code section 1505 and Item 4 must be completed (leave Item 5 blank).

4.  NAME OF AGENT FOR SERVICE OF PROCESS

C T Corporation System

5.  IF AN INDIVIDUAL, ADDRESS OF INITIAL AGENT FOR SERVICE OF PROCESS IN CALIFORNIA     CITY     STATE     ZIP CODE
                                                                                                 CA

**APPOINTMENT** (The following statement is required by statute and should not be altered.)

6.  IN THE EVENT THE ABOVE AGENT FOR SERVICE OF PROCESS RESIGNS AND IS NOT REPLACED, OR IF THE AGENT CANNOT BE FOUND OR SERVED WITH THE EXERCISE OF REASONABLE DILIGENCE, THE SECRETARY OF STATE OF THE STATE OF CALIFORNIA IS HEREBY APPOINTED AS THE AGENT FOR SERVICE OF PROCESS OF THIS FOREIGN LIMITED LIABILITY COMPANY.

**OFFICE ADDRESSES** (Do not abbreviate the name of the city.)

7.  ADDRESS OF THE PRINCIPAL EXECUTIVE OFFICE     CITY AND STATE     ZIP CODE

2711 N. Haskell Avenue, Suite 1700, Dallas, TEXAS 75204

8.  ADDRESS OF THE PRINCIPAL OFFICE IN CALIFORNIA, IF ANY     CITY     STATE     ZIP CODE
                                                                     CA

**EXECUTION**

9.  I DECLARE I AM THE PERSON WHO EXECUTED THIS INSTRUMENT, WHICH EXECUTION IS MY ACT AND DEED.

December 3, 2008
DATE

SIGNATURE OF AUTHORIZED PERSON
By: Layne B. LeBaron, Secretary

LSF6 Service Operations, LLC, Member
TYPE OR PRINT NAME AND TITLE OF AUTHORIZED PERSON

APPROVED BY SECRETARY OF STATE

LLC-5 (REV 04/2007)

CA083 - 04/27/2007 C T Filing Manager Online

# EXHIBIT C

**AMENDED AND RESTATED
LIMITED LIABILITY COMPANY AGREEMENT
OF
SUMMIT TRUSTEE SERVICES, LLC,
a Delaware limited liability company**

THIS AMENDED AND RESTATED LIMITED LIABILITY COMPANY AGREEMENT OF SUMMIT TRUSTEE SERVICES, LLC (the "**Company**"), dated as of December 2, 2009, (this "**Agreement**") is adopted, executed and agreed to, for good and valuable consideration, by the Member (as defined below).

## RECITALS

WHEREAS, the Company was formed as a Delaware limited liability company by the filing on December 1, 2008 of a Certificate of Formation under and pursuant to the Delaware Limited Liability Company Act (the "**Act**") (such Certificate of Formation, as amended or restated from time to time in accordance with this Agreement, is referred to herein as the "**Certificate**");

WHEREAS, the Member adopted, executed and agreed to the Company's initial Limited Liability Company Agreement (the "**Prior Agreement**") on December 1, 2008;

WHEREAS, the Company changed its name from LSF6 LS LLC to SUMMIT TRUSTEE SERVICES, LLC by filing a Certificate of Amendment with the Delaware Secretary of State on November 4, 2009;

WHEREAS, the Member desires to amend and restate the Prior Agreement as set forth herein; and

NOW THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Member hereby amends and restates the Prior Agreement in its entirety as follows:

## ARTICLE I
### Organization

1.1  *Formation.*   The Company has been formed as a Delaware limited liability company under and pursuant to the Act.

1.2  *Offices.*  The Company may locate its offices or places of business (including, but not limited to, its principal place of business) at any place or places outside the United States as the Board (as hereinafter defined) may from time to time determine.

1.3  *Term.*  The Company shall continue in existence until dissolved upon the occurrence of an event that causes the dissolution of the Company in accordance with this Agreement and thereafter wound up and terminated in accordance with this Agreement.

EXHIBIT C

1.4     ***Purposes.***     The purposes of the Company shall be to carry on any lawful business, directly or through one or more independent contractors, for which limited liability companies may be formed under the Act.

1.5     ***Member.***     The Company shall have the following member (the **"Member"**) with the following membership interests (**"Membership Interests"**) and capital contribution.

| Member | Membership Interest | Contribution |
|---|---|---|
| Vericrest Financial, Inc., a Delaware corporation | 100% | $1,000 |

The Membership Interests shall not be transferable except with the unanimous consent of the Managers (defined below), which consent may be withheld in each Manager's sole and absolute discretion. Notwithstanding the foregoing, no consent shall be required (and the Membership Interests shall be transferable) in connection with (a) a pledge of the Membership Interests under the Security Documents and (b) any enforcement action taken pursuant to the Security Documents.

## ARTICLE II
### Managers

2.1     ***Management by Managers.***     The powers of the Company shall be exercised by or under the authority of, and the business and affairs of the Company shall be managed by its managers, each of which shall be a natural person (the **"Managers"**). The Managers may exercise all powers of the Company and do all such lawful acts and things as are not required to be exercised or done by the Member by this Agreement. The Member shall not have the power or authority to act on behalf of, or to bind, the Company. The Company shall indemnify and hold harmless each of the Managers for any claims, damages, losses or liabilities arising from or relating to any act, or omission to act, in connection with such Manager's appointment or performance of his or her duties hereunder, except to the extent that any such claim, damage, loss or liability is occasioned by the gross negligence, willful default or fraudulent conduct of such Manager.

2.2     ***Number of Managers; Election.***     The total number of Managers of the Company shall provide for not less than two (2) managers. The Managers shall be elected by the Member.

2.3     ***Removal; Vacancies.***     Any vacancy occurring by reason of death, resignation or removal of any Manager or any other reason shall be filled by a natural person elected by the Member. A Manager appointed to fill such vacancy shall be appointed for the unexpired term of the predecessor in office. A Manager may be removed at any time, with or without cause, by the Member.

2.4     ***Meetings.***

2.4.1     ***Place of Meetings.***     All meetings of the Board may be held in such place or places outside the United States as the Managers may from time to time determine.

2.4.2   ***Regular Meetings.***   Regular meetings of the Board may be held without notice at such times and places as may be determined from time to time by the Managers.

2.4.3   ***Special Meetings.***   Any Manager may call a special meeting of the Board by providing written notice to the other Manager requesting such special meeting and specifically setting forth the matters to be placed on the agenda for such meeting.   The Manager calling such meeting shall give the other Manager at least two days written notice of the date and time of such special meeting.   At such special meeting, all items on the agenda shall be considered by the Board unless the Managers agree otherwise.   Notwithstanding the foregoing, other than the matters requested by the Manager calling such meeting, neither the business to be transacted at, nor any other purpose of, any special meeting of the Managers need be specified in the notice or waiver of notice of any special meeting.

2.4.4   ***Quorum; Action.***   At all meetings of the Board, the presence of at least one Manager shall be necessary and sufficient to constitute a quorum for the transaction of business.   The act of one Manager alone shall be the act of the Board.   Any action which may be taken, or which is required by law or this Agreement to be taken, at a meeting of the Managers may be taken without a meeting if a consent in writing, setting forth the action so taken, shall have been signed by one of the Managers.

### ARTICLE III
### Officers

3.1   ***Officers.***   The Member may appoint officers of the Company, who may be appointed as president, vice president, secretary, assistant secretary, treasurer, or as such other officers of the Company as the Member may from time to time appoint.   Each officer shall hold office for the term for which he or she is appointed.   Any person may hold any number of offices.   The Company shall indemnify and hold harmless each of the officers for any claims, damages, losses or liability arising from or relating to any act, or omission to act, in connection with such officer's appointment or performance of his or her duties hereunder, except to the extent that any such claim, damage, loss or liability is occasioned by the gross negligence, willful default or fraudulent conduct of such officer.

### ARTICLE IV
### Contributions to Capital and Capital Accounts

4.1   ***Capital Contributions.***   The Member has made the contribution to the capital of the Company set forth in Section 1.5 hereof.   Without creating any rights in favor of any third party, the Member may, from time to time, make additional contributions of cash or property to the capital of the Company, but shall have no obligation to do so.

4.2   ***Capital Accounts.***   The Company shall establish and maintain for the Member a capital account in accordance with the provisions of Treasury Regulation Section 1.704-1(b)(2)(iv).

## ARTICLE V
### Allocations and Distributions

5.1    ***Allocation and Distributions.***  The Member shall be entitled to receive all distributions (other than liquidating distributions) made by the Company.  All items of income, gain, loss and deduction shall be due to the Member; provided, however, that if the Member is unexpectedly receiving an adjustment, allocation or distribution described in Treasury Regulation Section 1.704-1(b)(2)(ii)(d)(4), (5) or (6) it will be allocated items of income and gain (consisting of a *pro rata* portion of each item of partnership income, including gross income and gain for such year) in an amount and manner sufficient to eliminate any deficit balance in the Member's capital account (as adjusted as provided in Treasury Regulation Section 1.704-1(b)(2)(ii)(d)(4),(5) and(6)) as quickly as possible.  This Agreement regarding distributions and allocations is intended to comply with the alternate test for economic effort under Treasury Regulation Section 1.704-1(b)(2)(ii)(d), and any provision of this Agreement that is inconsistent with the requirements of the alternate test for economic effect shall be amended retroactively to the effective date of this Agreement as necessary to comply with such test.

## ARTICLE VI
### Dissolution, Liquidation and Termination

6.1    ***Dissolution.***  The Company shall dissolve and its affairs shall be wound up only upon the request and approval of the Member (a **"Dissolution Event"**).  No other event (including, without limitation, an event described in Section 18-801(4) of the Act) will cause the Company to dissolve.  In no event shall such dissolution be permitted to the extent prohibited pursuant to the terms of any financing or security documents entered into by the Company.

6.2    ***Liquidation and termination.***  Upon the occurrence of a Dissolution Event, the Company shall dissolve and its affairs shall be wound up.  After having satisfied all debts, obligations and claims of the Company, all remaining assets of the Company shall be distributed to the Member *pro rata* in proportion to the Member's positive capital account balances until the Member's positive capital account balance is reduced to zero.  All liquidating distributions will be made to the Member in accordance with the time requirements of Treasury Regulation Section 1.704-1(b)(2).

## ARTICLE VII
### GOVERNING LAW

7.1    THIS  AGREEMENT  IS  GOVERNED  BY  AND  SHALL  BE  CONSTRUED  IN ACCORDANCE WITH THE LAWS OF THE STATE OF DELAWARE (EXCLUDING ITS CONFLICT-OF-LAWS RULES).

**IN WITNESS WHEREOF,** the Member has executed this Agreement as of December 2, 2009.

**VERICREST FINANCIAL, INC.,**
a Delaware corporation

By: _____
David Brauer
CFO

4