Peter J. Van Zandt (SBN 152321)
Christopher J.C. Waldon (SBN 310179)
LeClairRyan, LLP
44 Montgomery Street, Suite 3100
San Francisco, CA 94104
Telephone: (415) 391-7111
Telefax: (415) 391-8766

Attorneys for Defendants
RUSHMORE LOAN MANAGEMENT SERVICES, LLC and U.S. Bank National Association, as trustee for RMAC Trust Series 2016-CTT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRENE CARDENAS,<br><br>    Plaintiffs,<br><br>vs.<br><br>CALIBER HOME LOANS, INC.; U.S. BANK TRUST, N.A. AS TRUSTEE FOR LSF8 MASTER PARTICIPATION TRUST; RUSHMORE LOAN MANAGEMENT SERVICES, LLC; U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR RMAC TRUST SERIES 2016-CTT; SUMMIT MANAGEMENT COMPANY, LLC; AND DOES 1-10, INCLUSIVE,<br><br>    Defendants. | **Case No.: 5:17-cv-04382-LHK**<br><br>**RUSHMORE LOAN MANAGEMENT SERVICES, LLC and U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR RMAC TRUST SERIES 2016-CTT'S REPLY TO OPPOSITION TO MOTION TO DISMISS**<br><br>Date:     November 30, 2017<br>Time:    1:30 p.m.<br>Location:   Courtroom 8, 4th Floor<br>Judge:   **Hon. Lucy H. Koh**<br><br>Complaint filed: July 17, 2017<br>Matter Removed: August 3, 2017 |

---

DEFENDANTS' RUSHMORE LOAN MANAGEMENT SERVICES LLC, U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR REMAC TRUST SERIES 2016-CTT'S REPLY TO OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

## I.   INTRODUCTION

Plaintiff's Opposition to the Motion to Dismiss is simply a condensed version of the First Amended Complaint. Clinging to discredited legal theories challenging the assignment of Plaintiff's loan and servicing rights does nothing to salvage the First Amended Complaint from dismissal.

## II.   LEGAL ARGUMENT

### A.  Plaintiff's First Claim that Defendants Violated Cal. Civ. Code § 2924.17 for Lack of Standing is Without Merit.

Plaintiff asserts that Rushmore and U.S. Bank lacked standing to record a substitution of trustee on May 24, 2017 and a Notice of Sale on May 30, 2017. [Complaint, ¶ 37] Under § 2924.17, "a notice of default, notice of sale, assignment of a deed of trust, or substitution of trustee recorded by or on behalf of a mortgage servicer in connection with a foreclosure ... shall be accurate and complete and supported by competent and reliable evidence." Cal. Civ. Code. § 2924.17(a). The section requires "a mortgage servicer [to] ensure that it has reviewed competent and reliable evidence to substantiate the borrowers default and the right to foreclose ..." before recording nonjudicial foreclosure documents. Cal. Civ. Code § 2924.17(b).

As has already been established as uncontested, the property has not yet been sold. Section 2924.17 does not create a right to litigate, preforeclosure, whether the foreclosing party's conclusion that it had the right to foreclose was correct. *Lucioni v. Bank of Am., N.A.* (2016) 3 Cal.App.5th 150, 163. In other words, this statute does not authorize a preemptive lawsuit by a homeowner. Accordingly, because this claim is defective and cannot be cured by amendment, the Motion to Dismiss should be granted without leave to amend.

### B.  Plaintiff's Second Claim for Wrongful Foreclosure is Without Merit.

This cause of action is equally defective because the subject property has not been sold. Because the complaint cannot be amended to cure the defect, the Motion to Dismiss the second claim for wrongful foreclosure should be granted without leave to amend. (*See*, *Roman v. County of Los Angeles* (2000) 85 Cal.App.4th 316, 322.   Plaintiff's reference to *Lundy v. Selene*

DEFENDANTS' RUSHMORE LOAN MANAGEMENT SERVICES LLC, U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR REMAC TRUST SERIES 2016-CTT'S REPLY TO OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

*Finance, LP* 2016 WL 1059423 (N.D. Cal. Mar. 17, 2016) does not provide comfort from the *Jenkins* decision they suppose. The *Lundy* Court held the following:

> "…this Court does conclude that if the California Supreme Court decides to adopt Jenkins's bar to pre-foreclosure challenges, it will limit that bar only to claims that lack any "specific factual basis," as in Gomes. Gomes, as noted above, relied on the notion that claims without any factual basis operate essentially as actions to "determine whether the person initiating the foreclosure process is indeed authorized." <u>Gomes, 192 Cal. App. 4th at 1154</u>. Barring such claims is sensible, since otherwise any borrower could stall a foreclosure sale merely by declaring, "upon information and belief," that the foreclosing entity lacked the proper authority. Allowing those claims would indeed effectively "create an additional requirement for the foreclosing party" to prove its authority to foreclose, which does not exist in California's current statutory framework. <u>Siliga, 219 Cal. App. 4th at 82</u>"

Here, Plaintiff fails to assert any "specific factual basis" for his claim that the assignments of his loan were void and he cannot make such a claim.

## V. **CONCLUSION**

For the foregoing reasons, plaintiff's Complaint against defendants Rushmore and U.S. Bank should be dismissed without leave to amend.

Dated: August 30, 2017                                   LECLAIR RYAN, LLP

                                                        <u>/s/ *Peter J. Van Zandt*</u>
                                                        Peter J. Van Zandt
                                                        Christopher J.C. Waldon
                                                        RUSHMORE LOAN MANAGEMENT
                                                        SERVICES LLC, U.S. BANK ("U.S.
                                                        BANK"), as Trustee for the RMAC Trust,
                                                        series 2016-CCT

---

DEFENDANTS' RUSHMORE LOAN MANAGEMENT SERVICES LLC, U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR REMAC TRUST SERIES 2016-CTT'S REPLY TO OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

# CERTIFICATE OF SERVICE

I declare that:

I am a citizen of the United States, employed in the County of San Francisco, California, over the age of eighteen years, and not a party to the within cause.  My business address is 44 Montgomery Street, Suite 3100, San Francisco, California, 94104.   On this date, I served the within:

**RUSHMORE LOAN MANAGEMENT SERVICES, LLC and U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR RMAC TRUST SERIES 2016-CTT'S REPLY TO OPPOSITION TO MOTION TO DISMISS**

on the parties in said cause, by placing a true and correct copy thereof addressed as follows:

| **Attorney for Plaintiff** | **Attorney for Plaintiffs** |
|---|---|
| Clarisse Chung | Michael Yesk |
| Crossroads Legal Group | Yesk Law |
| 800 W. El Camino Real Ste. 180 | 70 Doray Drive, Suite 16 |
| Mountain View, CA 94040 | Pleasant Hill, CA 94523 |
| Telephone:  (650) 332-4905 | Telephone:  (925) 849-5525 |
| **Attorneys for Defendants Caliber Home Loanms, Inc., U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust, and Summit Management Company, LLC** | |
| Russ M. Fukano | |
| AnnMarie Mori | |
| Troy Gould PC | |
| 1801 Century Park East, 16th Flor | |
| Los Angeles, CA 90067 | |
| Telephone:  (310) 553-4441 | |

XX____**BY ELECTRONIC SERVICE** Pursuant to CM/ECF System, registration   as a CM/ECF user constitutes consent to electronic service through the Court's transmission facilities. The court's CM/ECF systems send an e-mail notification of the filing to the parties and counsel of record listed above who are registered with the Court's EC/ECF system

I certify and declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on *August 30, 2017*, at San Francisco, California.



Charmaine Villavert

---

DEFENDANTS' RUSHMORE LOAN MANAGEMENT SERVICES LLC, U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR REMAC TRUST SERIES 2016-CTT'S REPLY TO OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

3