UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IRENE CARDENAS,<br><br>Plaintiff,<br><br>v.<br><br>CALIBER HOME LOANS, INC., et al.,<br><br>Defendants. | Case No. 17-CV-04382-LHK<br><br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 7 |

Plaintiff Irene Cardenas ("Plaintiff") brings this action against Caliber Home Loans, Inc. ("Caliber"), U.S. Bank Trust, N.A. as Trustee for LSF8 Master Participation Trust ("LSF8 Master Participation Trust"), Rushmore Loan Management Services, LLC ("Rushmore"), U.S. Bank National Association as Trustee for RMAC Trust Series 2016-CTT ("U.S. Bank"), and Summit Management Company, LLC ("Summit"). Before the Court is Rushmore and U.S. Bank's (collectively, "Defendants'") motion to dismiss. ECF No. 7. Having considered the parties' submissions, the relevant law, and the record in the case, the Court hereby GRANTS the motion to dismiss with leave to amend.

## I. BACKGROUND

### A. Factual Background

1

Plaintiff alleges that at all times relevant to this case, Plaintiff owned the property located at 347 Hillcrest Avenue, Marina, CA 93933 ("property"). ECF No. 1 at 7. On May 18, 2004, Plaintiff recorded a deed of trust secured against the property. *Id.* at 8. The deed of trust "listed Alternative Financing Corporation ('AFC') as the beneficiary with Mortgage Electronic Registration Systems, Inc. ('MERS') as nominee, and purportedly Stewart Title of California, Inc. ('Stewart Title') as the trustee." *Id.* at 8–9. Then, on August 16, 2012, MERS (as nominee for AFC) assigned "all beneficial interest in Plaintiff's deed of trust to HSBC Mortgage Services . . . through a 'Corporate Assignment of Deed of Trust.'" *Id.* at 9.

Soon thereafter, on December 5, 2012, HSBC Mortgage Services "purported to execute and record a Substitution of Trustee" substituting Cal-Western Reconveyance Corporation in place of Stewart Title as trustee under the deed of trust. *Id.* That same day, Cal-Western Reconveyance Corporation executed and recorded a notice of default on the property. *Id.*

More than a year later, on January 21, 2014, Caliber—as attorney-in-fact for HSBC Mortgage Services—"purported to execute and record an 'Assignment of Mortgage/Deed of Trust' in favor of" the LSF8 Master Participation Trust. *Id.* However, Plaintiff alleges that "the LSF8 Master Participation Trust was merely a participation agent to the securitization of Plaintiff's loan." *Id.* Thus, Plaintiff states that "the LSF8 Master Participation Trust was not the beneficiary of Plaintiff's deed of trust because it d[id] not own the entirety of Plaintiff's loan but rather only a forward interest in its servicing rights." *Id.* As a result, Plaintiff alleges that "the LSF8 Master Participation Trust [] lacked authority to transfer the beneficial interest in Plaintiff's loan." *Id.*

Then, on February 28, 2014, Plaintiff filed for Chapter 13 bankruptcy. *Id.* On January 17, 2015, the bankruptcy court confirmed a bankruptcy plan for Plaintiff that included "monthly mortgage payments of $1,142.67 that Plaintiff would begin making to Caliber." *Id.* Plaintiff also filed a loan modification application with Caliber. *See id.* On October 13, 2015, Caliber and Plaintiff filed a "stipulation for adequate protection" whereby "Plaintiff agreed to continue making monthly payments of $1,142.67 throughout the pendency of the review of Plaintiff's loan

modification application." *Id.* Plaintiff thus continued to make monthly payments under Plaintiff's Chapter 13 bankruptcy plan, but Caliber "never accepted or denied Plaintiff's request for a loan modification." *Id.*

In September 2016, Plaintiff alleges that "Caliber purportedly sold [Plaintiff's] loan and deed of trust to Defendant Rushmore . . . and transferred Plaintiff's loan modification application to Rushmore." *Id.* From then on, Defendant Rushmore "h[e]ld itself out as the owner or servicer of Plaintiff's loan and also solicited from Plaintiff a new loan modification application." *Id.* However, on November 30, 2016, "before any decision rendered on Plaintiff's loan modification application," Plaintiff received a letter from Defendant Rushmore returning Plaintiff's $1,142.67 monthly payment and directing Plaintiff to "contact customer service." *Id.* Upon calling Defendant Rushmore's customer service department, Plaintiff was told that Plaintiff "needed to make 'full' and 'not partial' payments until [Plaintiff's] modification was granted or denied." *Id.* Plaintiff's complaint does not state whether Plaintiff continued to make any monthly payments after November 2016.

On January 13, 2017, Caliber—as "purported attorney-in-fact for" the LSF8 Master Participation Trust—assigned "all beneficial interest" in Plaintiff's deed of trust to Defendant U.S. Bank as trustee for RMAC Trust Series 2016-CTT. *Id.* at 10–11. However, Plaintiff alleges that this transfer was void for two reasons. First, as discussed above, Plaintiff states that the LSF8 Master Participation Trust "held only a forward interest in the servicing rights to Plaintiff's loan and, as such, had no more to transfer to U.S. Bank [] than servicing rights." *Id.* at 11. Second, Plaintiff states that "even if the LSF8 Master Participation Trust owned all beneficial interest in Plaintiff's loan, the January 13, 2017 transfer constituted a post-closing date transfer of an asset in violation of Section 860 of the Internal Revenue Code and the terms of the Trust Pool pooling and servicing agreement ('PSA') that required all assets to be transferred to the trust no later than ninety (90) days after the trust start-up date." *Id.*

However, notwithstanding the fact that the transfer of Plaintiff's deed of trust from the LSF8 Master Participation Trust to Defendant U.S. Bank was allegedly void, on May 24, 2017,

3
Case No. 17-CV-04382-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND

Defendant Rushmore—as "purported attorney-in-fact for" Defendant U.S. Bank—executed and recorded a substitution of trustee that designated Summit as trustee under Plaintiff's deed of trust. *Id.* Then, on May 30, 2017, Summit recorded a notice of trustee's sale on the property, which scheduled a sale date of July 5, 2017. *Id.* Further, despite Defendant Rushmore's "ongoing representations" that it was the servicer of Plaintiff's loan, the May 24, 2017 substitution of trustee and May 30, 2017 notice of trustee's sale listed Caliber "as the ostensible servicer of Plaintiff's loan." *Id.*

**B. Procedural History**

On June 23, 2017, Plaintiff filed a complaint in the Superior Court for the County of Monterey. ECF No. 1 at 1. Then, on July 18, 2017, Plaintiff filed a first amended complaint ("FAC"). *Id.* at 6–16. The FAC asserted two causes of action: (1) violation of California Civil Code § 2924.17 (against Caliber, the LSF8 Master Participation Trust, Defendant Rushmore, Defendant U.S. Bank, and Summit); and (2) wrongful foreclosure (against Defendant Rushmore, Defendant U.S. Bank, and Summit). On August 2, 2017, Defendants removed the case to this Court on the basis of diversity jurisdiction. *Id.* at 1–4.

Upon removal, the case was initially assigned to Magistrate Judge Howard R. Lloyd. *See* ECF No. 2. On August 4, 2017, Judge Lloyd issued an "Order to Show Cause Re Subject Matter Jurisdiction." ECF No. 5. In that order, Judge Lloyd noted that (1) Defendant Rushmore and Summit were limited liability corporations ("LLCs"); (2) for purposes of diversity jurisdiction, an LLC is a citizen of every state of which its owners/members are citizens; (3) the notice of removal filed by Defendants did not identify the citizenship of all the owners/members of Defendant Rushmore and Summit; and therefore (4) the court could not determine "whether subject-matter jurisdiction exists on the basis of diversity of citizenship." *Id.* at 1–2. Judge Lloyd thus ordered Defendants "to show cause why this matter should not be dismissed for lack of subject matter jurisdiction" by August 14, 2017. *Id.* at 2.

On August 9, 2017, Defendants filed the instant motion to dismiss. ECF No. 7 ("Mot."). Then, on August 14, 2017, Defendants filed a response to Judge Lloyd's order to show cause in

4
Case No. 17-CV-04382-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND

which they explained that (1) Defendant Rushmore's only member is Roosevelt Management Company, LLC, whose only member is Roosevelt Management Corp., which is a "New York Corporation" with a "principal place of business in New York"; and (2) Summit's only member is Caliber, which is incorporated under the laws of Delaware and has a principal place of business in Texas. ECF No. 9 at 3. Then, on August 17, 2017, Caliber and Summit declined magistrate judge jurisdiction, ECF No. 10, and thus the case was reassigned to the undersigned judge. ECF No. 12.

On August 21, 2017, Judge Lloyd issued an order discharging his August 4, 2017 "Order to Show Cause Re Subject Matter Jurisdiction" because Defendants had "sufficiently addressed" the jurisdictional issues. ECF No. 14. Two days later, on August 23, 2017, Plaintiff opposed Defendants' motion to dismiss. ECF No. 15 ("Pl. Opp."). Defendants replied on August 30, 2017. ECF No. 17 ("Reply").

On September 7, 2017, Plaintiff filed an *ex parte* application for a temporary restraining order ("TRO") that sought to enjoin the September 11, 2017 foreclosure sale of Plaintiff's home. ECF No. 18. The Court denied Plaintiff's *ex parte* application without prejudice on September 8, 2017 because Plaintiff "fail[ed] to comply with the requirements of Federal Rule of Civil Procedure 65(b)(1)." ECF No. 20 at 2. Specifically, the Court found that Plaintiff did not sufficiently explain why immediate and irreparable injury would result before the adverse party could be heard in opposition and why notice to the opposing party should not have been required. *Id.* at 3. The Court also stated that "[i]t appears . . . that Plaintiff has been aware for some time of the impending September 11, 2017 foreclosure date" because "the instant litigation has been ongoing since June 23, 2017" and "Plaintiff previously moved in state court for a TRO to postpone an earlier foreclosure sale which was scheduled to occur on August 7, 2017, and the state court granted Plaintiff's TRO on August 3, 2017." *Id.* at 3. The Court further noted that because Plaintiff failed to explain "when Plaintiff learned of the foreclosure sale and why Plaintiff waited until the eve of the foreclosure sale to contact Defendants and file the TRO . . . Plaintiff appear[ed] to be engaging in strategic manipulation of the judicial process to create an emergency, which forces this Court to respond without sufficient time to analyze the causes of action and without the

5

Case No. 17-CV-04382-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND

1  benefit of briefing from the opposing party." *Id.* at 4.

On October 25, 2017, Plaintiff filed a notice of settlement stating that Plaintiff had reached a settlement with Caliber, LSF8 Master Participation Trust, and Summit. ECF No. 23. On December 4, 2017, Plaintiff filed a notice of dismissal of Caliber, the LSF8 Master Participation Trust, and Summit without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). ECF No. 28. Thus, Defendants are the only defendants remaining in this action.

## II. LEGAL STANDARD

### A. Motion to Dismiss Under Rule 12(b)(6)

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). The United States Supreme Court has held that Rule 8(a) requires a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted). For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

The Court, however, need not accept as true allegations contradicted by judicially noticeable facts, *see Schwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and it "may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6) motion into a motion for summary judgment, *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995). Nor must the Court "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per

curiam) (internal quotation marks omitted). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

### B. Leave to Amend

If the Court determines that a complaint should be dismissed, it must then decide whether to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (alterations and internal quotation marks omitted). When dismissing a complaint for failure to state a claim, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* at 1130 (internal quotation marks omitted). Accordingly, leave to amend generally shall be denied only if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the moving party has acted in bad faith. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

## III. DISCUSSION

As discussed above, Plaintiff's FAC asserted two causes of action against Defendants (and other parties that have been dismissed from the case): (1) violation of California Civil Code § 2924.17; and (2) wrongful foreclosure. Defendants move to dismiss both of Plaintiff's claims. The Court addresses each cause of action in turn.

### A. Violation of California Civil Code § 2924.17

California Civil Code § 2924.17(a) mandates that certain documents related to the foreclosure process, including "a notice of default, notice of sale, assignment of a deed of trust, or substitution of trustee recorded by or on behalf of a mortgage servicer in connection with a foreclosure," "shall be accurate and complete and supported by competent and reliable evidence."

California Civil Code § 2924.17(b) states that "[b]efore recording or filing any of the

7
Case No. 17-CV-04382-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND

documents described in [§2924.17(a)], a mortgage servicer shall ensure that it has reviewed competent and reliable evidence to substantiate the borrower's default and the right to foreclose, including the borrower's loan status and loan information." California Civil Code §§ 2924.12 and 2924.19 provide borrowers a private right of action to enforce § 2924.17. Specifically, §§ 2924.12 and 2924.19 state that "[i]f a trustee's deed upon sale has not been recorded, a borrower may bring an action for injunctive relief to enjoin a material violation of" nine statutory sections, including § 2924.17. Cal. Civ. Code §§ 2924.12(a)(1) & 2924.19(a)(1). Sections 2924.12 and 2924.19 further state that "[a]fter a trustee's deed upon sale has been recorded, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall be liable to a borrower for actual economic damages . . . resulting from a material violation of" those same nine statutory sections. *Id.* §§ 2924.12(b) and 2924.19(b).

Plaintiff alleges that Defendants violated § 2924.17 by (1) recording a substitution of trustee on May 24, 2017 "despite lacking standing to do so"; (2) recording a notice of trustee's sale of the property on May 30, 2017 "despite lacking standing to do so"; and (3) "listing Caliber as, ostensibly, the servicer of Plaintiff's loan" on the May 24, 2017 substitution of trustee and the May 30, 2017 notice of trustee's sale of the property "despite the fact that as of September 2016, Defendant Rushmore had been holding itself out as the servicer and/or owner of Plaintiff's loan." ECF No. 1 at 12–13. Plaintiff's complaint does not specify the subsection of § 2924.17 upon which Plaintiff relies, but Plaintiff's opposition appears to indicate that the instant cause of action is based on both § 2924.17(a) and § 2924.17(b). *See* Pl. Opp. at 5–6 ("Defendant Rushmore errs in its motion to dismiss Plaintiff's Section 2924.17 claim in its myopic focus on one part of the statute [(§ 2924.17(b))] to the exclusion of the other [(§ 2924(a)]."). Plaintiff seeks both damages and injunctive relief enjoining Defendants "from asserting any interest in [the property] or otherwise attempting in any manner to dispossess Plaintiff of [the property]." *Id.* at 15. However, Plaintiff's FAC does not allege that the property has been sold or that any trustee's deed upon sale of the property has been recorded. Indeed, Plaintiff has neither sought to amend her FAC nor filed anything indicating that the property has been sold. Thus, because Plaintiff's FAC does not allege

8

Case No. 17-CV-04382-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND

that the property has been sold, Plaintiff may seek only "injunctive relief to enjoin" Defendants' alleged material violations of § 2924.17. Cal. Civ. Code § 2924.12(a)(1); *see id.* § 2924.12(b) (specifying that "actual economic damages" are available "[a]fter a trustee's deed upon sale has been recorded").

Defendants argue that Plaintiff's § 2924.17 claim against them should be dismissed because (1) "Plaintiff has failed to allege any facts demonstrating that any of the foreclosure documents[] were recorded without review of competent and reliable evidence substantiating Plaintiff's default on the loan," Mot. at 4; (2) Plaintiff has not pled facts demonstrating that Defendants' alleged violations of § 2924.17 were material, Mot. at 3; and (3) § 2924.17 does not give Plaintiff the right to litigate preforeclosure whether Defendants correctly concluded that they had the right to foreclose. Mot. at 3–4, Reply at 1. For the reasons discussed below, the Court agrees with Defendants' second and third arguments. Thus, the Court need not address Defendants' first argument.

First, with regards to Plaintiff's assertions that Defendants violated § 2924.17 by (1) recording a substitution of trustee on May 24, 2017 "despite lacking standing to do so"; and (2) incorrectly listing Caliber instead of Defendant Rushmore as the servicer of Plaintiff's loan on the May 24, 2017 substitution of trustee and the May 30, 2017 notice of trustee's sale, the Court finds that Plaintiff has failed to plead facts demonstrating that these alleged violations of § 2924.17 were material. As discussed above, pursuant to § 2924.12, borrowers can sue for violations § 2924.17, but only if those violations are "material." Cal. Civ. Code §§ 2924.12(a)(2) & (b). As other courts have noted, "there is little case law defining the statute's term 'material.'" *Rahbarian v. JP Morgan Chase*, 2015 WL 2345395, *3 (E.D. Cal. May 14, 2015). The parties do not cite to, and the Court could not find, any published California authorities defining "material" as that term is used in § 2924.12.

Further, district courts within the Ninth Circuit "that have considered the issue take divergent approaches." *Id.* "Some have concluded that materiality is a factual question that should not be resolved on a motion to dismiss." *Id.*; *see Hestrin v. Citimortgage, Inc.*, 2015 WL

9
Case No. 17-CV-04382-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND

847132, *3 n.4 (C.D. Cal. Feb. 25, 2015); *Garcia v. PNC Mortg.*, 2015 WL 534395, at *4–*5 (N.D. Cal. Feb. 9, 2015). Others have deemed a violation "material" if it is plausible that the violation caused the plaintiff to suffer harm. *See Mackensen v. Nationstar Morg. LLC*, 2015 WL 1938729, at *7 (N.D. Cal. Apr. 28, 2015) (stating that but for defendant's alleged violation, plaintiff "may have been able to keep [his] house"); *Salazar v. U.S. Bank N.A.*, 2015 WL 1542908, at *7 (C.D. Cal. Apr. 6,, 2015) ("[I]t is plausible that [defendant's compliance] would have prevented Plaintiff from suffering the loss of her home, ruined credit, emotional distress, and a future inability to purchase a home.").

In line with this latter approach, the court in *Johnson v. PNC Mortgage*, 2014 WL 6629585, (N.D. Cal. Nov. 21, 2014), equated a "material" violation to one that "affected [the plaintiff's] loan obligations" or the loan modification process. *Id.* at *9. Applying this definition, the *Johnson* court concluded that a sham assignment of a loan from one lender to another is not a "material" violation of § 2924.17 because such an assignment does not affect the borrower's payment obligations under the loan. *Id.* Instead, it "materially affect[s] the original lender—whose rights would have been stolen away." *Id.*; *see also Cornejo v. Ocwen Loan Servicing, LLC*, 151 F. Supp. 3d 1102, 1113 (E.D. Cal. 2015) ("Courts have interpreted the term 'material' to refer to whether the alleged violation affected a plaintiff's loan obligations or the modification process."). Notably, *Saterbak v. JP Morgan Chase Bank*—the only California Court of Appeal decision to expound upon the meaning of "material" in § 2924.12 that the Court could find—explicitly "agree[d] with the analysis" in *Johnson*. 2016 WL 618045, *7 (Cal. Ct. App. Feb. 16, 2016).

Like the California Court of Appeal in *Saterbak*, the Court adopts the approach to analyzing materiality for purposes of § 2924.12 set forth in *Johnson*. Under that approach, even assuming that Defendants violated § 2924.17 by recording a substitution of trustee on May 24, 2017 "despite lacking standing to do so" and incorrectly listing Caliber as the servicer of Plaintiff's loan on the May 24, 2017 substitution of trustee and the May 30, 2017 notice of sale, ECF No. 1 at 12–13, Plaintiff has failed to allege facts showing that those violations were

10
Case No. 17-CV-04382-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND

1 material. Specifically, Plaintiff does not allege any facts indicating that Defendants' unauthorized

2 recording of a substitution of trustee and incorrect listing of Caliber as the servicer of Plaintiff's

3 loan somehow "affected [Plaintiff's] loan obligations," disrupted Plaintiff's loan modification

4 process, or caused Plaintiff to suffer harm that Plaintiff would not have suffered otherwise.

5 *Johnson*, 2014 WL 6629585, at *9.

6 Second, with regards to Plaintiff's assertion that Defendants violated § 2924.17 by

7 recording a notice of trustee's sale "despite lacking standing to do so" on May 30, 2017, even

8 assuming that this amounted to a material violation of § 2924.17, the Court finds that § 2924.17

9 does not provide the preforeclosure injunctive relief that Plaintiff seeks based on this violation.

10 As discussed above, although Plaintiff also seeks damages, because Plaintiff's FAC does not

11 allege that the property has been sold, Plaintiff may seek only injunctive relief for Defendants'

12 alleged violation of § 2924.17. *See* Cal. Civ. Code §§ 2924.12(a)(1), 2924.19(a)(1). Plaintiff's

13 FAC seeks injunctive relief enjoining Defendants "from asserting any interest in" the property "or

14 otherwise attempting in any way to dispossess Plaintiff" of the property. ECF No. 1 at 15.

15 Therefore, Plaintiff's § 2924.17 cause of action based on the allegedly unauthorized May 30, 2017

16 notice of sale essentially seeks to enjoin Defendants from selling the property on the grounds that

17 neither Defendant Rushmore nor Defendant U.S. Bank owned a beneficial interest in Plaintiff's

18 loan and deed of trust, and thus neither Defendant had the right to foreclose on the property.

19 It is clear, however, that Plaintiff cannot assert such a cause of action under § 2924.17.

20 Specifically, the California Court of Appeal has held that "[s]ection[] 2924.17 . . . do[es] not

21 create a right to litigate, preforeclosure, whether the foreclosing party's conclusion that it had the

22 right to foreclose was *correct*." *Lucioni v. Bank of America, N.A.*, 3 Cal. App. 5th 150, 163

23 (2016). This is because a different statutory section—§ 2924(a)(6)—forbids an entity from

24 "initiat[ing] the foreclosure process unless it is the holder of the beneficial interest under the

25 mortgage or deed of trust," and that section is not one of nine sections for which injunctive relief

26 is authorized under §§ 2924.12 and 2924.19. The *Lucioni* court reasoned that "[i]f the [California]

27 Legislature wished to authorize" preforeclosure challenges to the foreclosing party's right to

28
11
Case No. 17-CV-04382-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND

foreclose, "it could have authorized injunctive relief for a violation of [§] 2924(a)(6)." 3 Cal. App. 5th at 163. However, because the California Legislature did not authorize injunctive relief for violations of § 2924(a)(6), the *Lucioni* court concluded that borrowers could not use other statutory sections, including § 2924.17, to assert preforeclosure challenges to the foreclosing party's right to foreclose. *Id.*

As a result, the Court GRANTS Defendants' motion to dismiss Plaintiff's cause of action for violation of Cal. Civ. Code § 2924.17. However, the Court affords Plaintiff leave to amend because Plaintiff may be able to allege sufficient facts to state a claim under § 2924.17. *See Lopez*, 203 F.3d at 1127 (holding that "a district court should grant leave to amend . . . unless it determines that the pleading could not possibly be cured by the allegation of other facts" (internal quotation marks omitted)).

**B. Wrongful Foreclosure**

Under California law, the elements of a wrongful foreclosure cause of action are "(1) the trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust; (2) the party attacking the sale . . . was prejudiced or harmed; and (3) in cases where the trustor or mortgagor challenges the sale, the trustor or mortgagor tendered the amount of the secured indebtedness or was excused from tendering." *Miles v. Deutsche Bank Nat'l Tr. Co.*, 236 Cal. App. 4th 394, 408–09 (2015). Plaintiff alleges that Defendants' "actions in initiating foreclosure proceedings against Plaintiffs were wrongful" because Defendants "are not the true owners, holders of beneficial interest, or agents of the true owners and holders of beneficial interest in Plaintiffs' Deed of Trust" and therefore "do not have the authority to foreclose upon and sell" the property. ECF No. 1 at 13–14. This is because although Caliber, as attorney-in-fact for the LSF8 Master Participation Trust, purported to transfer the beneficial interest in Plaintiff's loan from the LSF8 Master Participation Trust to Defendant U.S. Bank, Plaintiff alleges that this transfer was void because (1) the LSF8 Master Participation Trust "held only a forward interest in the servicing rights to Plaintiff's loan" and thus "had no more to transfer to [Defendant U.S. Bank] than servicing rights"; and (2) even if

12
Case No. 17-CV-04382-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND

the LSF8 Master Participation Trust "owned all beneficial interest in Plaintiff's loan," the transfer was a "post-closing date transfer of an asset in violation of Section 860 of the Internal Revenue Code and the terms of the Trust Pool pooling and servicing agreement [] that required all assets to be transferred to the trust no later than ninety (90) days after the trust start-up date." *Id.*

Defendants move to dismiss Plaintiff's wrongful foreclosure claim against them on three independent grounds. First, Defendants argue that Plaintiff cannot bring a wrongful foreclosure action to preemptively challenge a nonjudicial foreclosure; instead, Plaintiff can bring a wrongful foreclosure action only *after* the nonjudicial foreclosure sale is completed. Mot. at 4–5. Second, Defendants assert that Plaintiff's wrongful foreclosure action should be dismissed because Plaintiff has "failed to plead any prejudice." *Id.* at 5. Specifically, Defendants argue that Plaintiff has not pled any facts "demonstrat[ing] that any alleged wrongdoing interfered with [Plaintiff's] ability to pay [her loan obligations] or that the alleged wrongdoing [led] to a foreclosure that would not have otherwise occurred." *Id.* Third, Defendants argue that Plaintiff has failed to state a wrongful foreclosure claim because Plaintiff did not "allege that . . . she offered to tender the amount outstanding" on her loan. *Id.* at 6. As explained below, the Court agrees with Defendants' second argument and thus does not address Defendants' other arguments.

California courts have recognized that borrowers can bring wrongful foreclosure actions that are, like Plaintiff's instant cause of action, based on allegations that the foreclosing party does not have the authority to foreclose due to a void assignment of a loan. *See Yvanova v. New Century Mortg. Corp.*, 62 Cal. 4th 919, 942–43 (2016) (holding that a homeowner who alleges that a nonjudicial foreclosure sale was wrongful because of a void assignment has standing to sue for wrongful foreclosure). However, the California courts that have addressed these situations are split as to what a borrower must allege in order to sufficiently demonstrate prejudice.

On one hand, one published California Court of Appeal decision held that "where . . . it is alleged [that] the foreclosing beneficiary's interest is void," a borrower need not allege prejudice or harm "beyond the allegedly wrongful foreclosure itself" because a borrower "experiences prejudice or harm when . . . he or she has lost her home to an entity with no legal right to take it."

13

1   *Sciaratta v. U.S. Bank N.A.*, 247 Cal. App. 4th 552, 565–66 (2016).

2         The weight of published California Court of Appeal decisions, however, holds that a borrower must allege prejudice beyond the foreclosure itself. Specifically, at least three California Court of Appeal decisions have stated that in order to sufficiently allege prejudice, a borrower alleging that the foreclosing party does not have the authority to foreclose due to a void assignment must also allege additional harm stemming from the void assignment, like (1) that the void assignment changed the borrower's payment obligations; (2) that the void assignment "interfered in any manner with [the borrower's] payment"; or (3) that the true owner of the loan—the entity that actually has the authority to foreclose—"would have refrained from foreclosure under the circumstances presented." *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 272 (2011), *disapproved of on other grounds by Yvanova*, 62 Cal. 4th 919 at 939 n.13; *Herrera v. Fed. Nat'l Mortg. Ass'n*, 205 Cal. App. 4th 1495, 1507–08 (2012), *disapproved of on other grounds by Yvanova*, 62 Cal. 4th 919 at 939 n.13; *Kalnoki v. First Am. Tr. Servicing Sols., LLC*, 8 Cal. App. 5th 23, 48 (2017) (quoting *Fontenot* and *Herrera*). These decisions observed that because an assignment on its own "merely substitute[s] one creditor for another, without changing" the borrower's payment obligations, the "true victim" of a void assignment is not the borrower, but rather the true owner of the loan, because a void assignment causes the true owner of the loan to "suffer[] the unauthorized loss" of the loan. *Fontenot*, 198 Cal. App. 4th at 272; *Herrera*, 205 Cal. App. 4th 1495 at 1507–08; *see Kalnoki*, 8 Cal. App. 5th at 48. As a result, these decisions concluded that a borrower alleging that the foreclosing party does not have the authority to foreclose due to a void assignment must also allege some other harm stemming from the void assignment besides the foreclosure itself. *Id.*

      Plaintiff points to the California Supreme Court's decision in *Yvanova* to support Plaintiff's position that a borrower's allegation that a foreclosing party lacks authority to foreclose because of a void assignment sufficiently alleges prejudice for purposes of a wrongful foreclosure cause of action. Pl. Opp. at 11. However, *Yvanova* did not address the substantive elements of a wrongful foreclosure claim. Instead, in *Yvanova*, the California Supreme Court explicitly stated

14
Case No. 17-CV-04382-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND

that "we are concerned only with prejudice in the sense of an injury sufficiently concrete and personal to provide standing, not with prejudice as a possible element of the wrongful foreclosure tort." 62 Cal. 4th at 937. Thus, although *Yvanova* held that the harm that a borrower suffers from being foreclosed upon by an entity that lacks authority to foreclose is sufficient to confer standing, *id.* at 937–38, *Yvanova* also expressly limited that holding to the standing context. Indeed, in *Kalnoki*, which was decided *after Yvanova*, the California Court of Appeal imposed the higher prejudice standard set forth in *Fontenot* and *Herrera* for a wrongful foreclosure action. 8 Cal. App. 5th at 48.

Notably, at least two Ninth Circuit decisions have employed the approach to prejudice set forth in *Fontenot*, *Herrera*, and *Kalnoki*. *See Dahnken v. Wells Fargo Bank, N.A.*, 2017 WL 3049552, *1 (9th Cir. 2017) (unpublished) (citing *Fontenot* and concluding that "even if MERS lacked authority to transfer the note, the [allegedly void] assignment merely substituted one creditor for another and did not change Dahnken's obligations, so Dahnken cannot show the prejudice necessary to challenge foreclosure"); *Walton v. Mortg. Elec. Registration Sys., Inc.*, 507 F. App'x 720, 722 (9th Cir. 2013) (citing *Herrera* and concluding that even accepting a borrower's contention "that the Appellees lacked authority to . . . foreclose" due to a void assignment, the borrower "is not an injured party, the injured parties are the true owners of her loan," and thus the borrower failed to allege "that she suffered the prejudice or injury necessary to state a claim for wrongful foreclosure"). In contrast, the parties do not cite, and the Court could not find, any Ninth Circuit decisions taking the view expressed in *Sciaratta* that a borrower need not allege any prejudice beyond the wrongful foreclosure itself.

The Court adopts the approach endorsed by the weight of the published California Court of Appeal decisions and applied by the Ninth Circuit. Thus, because Plaintiff's FAC does not allege any prejudice beyond the impending foreclosure itself, the Court finds that Plaintiff has failed to state a claim for wrongful foreclosure under California law. For example, Plaintiff's FAC does not plead facts suggesting that the allegedly void assignment from the LSF8 Master Participation Trust to Defendant U.S. Bank either affected Plaintiff's payment obligations or "interfered in any

15

Case No. 17-CV-04382-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND

manner with" Plaintiff's ability to meet her payment obligations. *Fontenot*, 198 Cal. App. 4th at 272; *Herrera*, 205 Cal. App. 4th at 1507–08. Nor does Plaintiff's FAC contain factual allegations indicating that the true owner of the loan "would have refrained from foreclosure under the circumstances presented," *id.*, and Plaintiff admits that she defaulted on her loan in 2012. ECF No. 1 at 9. Thus, under the facts alleged, the only "true victim" that has suffered prejudice is the true owner of the loan. *Id.* In other words, although Plaintiff alleges that Defendants do not have the authority to foreclose on the property because of a void assignment, Plaintiff offers no facts demonstrating any "harm caused by having one entity, rather than another, carry out the foreclosure." *Grossman v. Wells Fargo Bank*, 2016 WL 97523, *5 (Cal. Ct. App. Jan. 7, 2016).

Accordingly, the Court GRANTS Defendants' motion to dismiss Plaintiff's wrongful foreclosure cause of action. However, the Court affords Plaintiff leave to amend because Plaintiff may be able to allege sufficient facts to state a wrongful foreclosure claim. *See Lopez*, 203 F.3d at 1127 (holding that "a district court should grant leave to amend . . . unless it determines that the pleading could not possibly be cured by the allegation of other facts" (internal quotation marks omitted)).

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss Plaintiff's causes of action for violation of California Civil Code § 2924.17 and wrongful foreclosure. Should Plaintiff elect to file an amended complaint curing the deficiencies identified herein, Plaintiff shall do so within thirty days of this Order. Failure to meet this thirty-day deadline or failure to cure the deficiencies identified herein will result in a dismissal with prejudice. Plaintiff may not add new causes of actions or parties without leave of the Court or stipulation of the parties pursuant to Federal Rule of Civil Procedure 15.

**IT IS SO ORDERED.**

Dated: December 4, 2017

LUCY H. KOH
United States District Judge

16
Case No. 17-CV-04382-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND