UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IRENE CARDENAS,<br><br>    Plaintiff,<br><br>v.<br><br>CALIBER HOME LOANS, INC., et al.,<br><br>    Defendants. | Case No. 17-CV-04382-LHK<br><br>**ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE**<br><br>Re: Dkt. No. 33 |

Plaintiff Irene Cardenas ("Plaintiff") brought this action against Caliber Home Loans, Inc. ("Caliber"), U.S. Bank Trust, N.A. as Trustee for LSF8 Master Participation Trust ("LSF8 Master Participation Trust"), Rushmore Loan Management Services, LLC ("Rushmore"), U.S. Bank National Association as Trustee for RMAC Trust Series 2016-CTT ("U.S. Bank"), and Summit Management Company, LLC ("Summit"). Before the Court is Rushmore and U.S. Bank's (collectively, "Defendants'") motion to dismiss. ECF No. 33. Having considered the parties' submissions, the relevant law, and the record in the case, the Court hereby GRANTS the motion to dismiss with prejudice.

## I. BACKGROUND

### A. Factual Background

Plaintiff alleges that at all times relevant to this case, Plaintiff owned the property located at 347 Hillcrest Avenue, Marina, CA 93933 ("property"). ECF No. 30 at ¶ 5. On May 18, 2004, Plaintiff recorded a deed of trust secured against the property. *Id.* at ¶ 10. The deed of trust "listed Alternative Financing Corporation ('AFC') as the beneficiary with Mortgage Electronic Registration Systems, Inc. ('MERS') as nominee, and purportedly Stewart Title of California, Inc. ('Stewart Title') as the trustee." *Id.* Then, on August 16, 2012, MERS (as nominee for AFC) assigned "all beneficial interest in Plaintiff's deed of trust to HSBC Mortgage Services . . . through a 'Corporate Assignment of Deed of Trust.'" *Id.* at ¶ 11.

Soon thereafter, on December 5, 2012, HSBC Mortgage Services "purported to execute and record a Substitution of Trustee" substituting Cal-Western Reconveyance Corporation in place of Stewart Title as trustee under the deed of trust. *Id.* at ¶ 12. That same day, Cal-Western Reconveyance Corporation executed and recorded a notice of default on the property. *Id.*

More than a year later, on January 21, 2014, Caliber—as attorney-in-fact for HSBC Mortgage Services—"purported to execute and record an 'Assignment of Mortgage/Deed of Trust' in favor of" the LSF8 Master Participation Trust. *Id.* at ¶ 13. However, Plaintiff alleges that "the LSF8 Master Participation Trust was merely a participation agent to the securitization of Plaintiff's loan." *Id.* at ¶ 14. Thus, Plaintiff states that "the LSF8 Master Participation Trust was not the beneficiary of Plaintiff's deed of trust because it d[id] not own the entirety of Plaintiff's loan but rather only a forward interest in its servicing rights." *Id.* As a result, Plaintiff alleges that "the LSF8 Master Participation Trust [] lacked authority to transfer the beneficial interest in Plaintiff's loan." *Id.* at ¶ 15.

Then, on February 28, 2014, Plaintiff filed for Chapter 13 bankruptcy. *Id.* at ¶ 16. On January 17, 2015, the bankruptcy court confirmed a bankruptcy plan for Plaintiff that included "monthly mortgage payments of $1,142.67 that Plaintiff would begin making to Caliber." *Id.* at ¶ 17. Plaintiff also filed a loan modification application with Caliber. *See id.* at ¶ 19. On October

2

Case No. 17-CV-04382-LHK
ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE

13, 2015, Caliber and Plaintiff filed a "stipulation for adequate protection" whereby "Plaintiff agreed to continue making monthly payments of $1,142.67 throughout the pendency of the review of Plaintiff's loan modification application." *Id.* Plaintiff thus continued to make monthly payments under Plaintiff's Chapter 13 bankruptcy plan, but Plaintiff alleges that Caliber "never accepted or denied Plaintiff's request for a loan modification." *Id.* at ¶¶ 20-21.

In September 2016, Plaintiff alleges that "Caliber purportedly sold [Plaintiff's] loan and deed of trust to Defendant Rushmore . . . and transferred Plaintiff's loan modification application to Rushmore." *Id.* at ¶ 22. From then on, Defendant Rushmore "h[e]ld itself out as the owner or servicer of Plaintiff's loan and also solicited from Plaintiff a new loan modification application." *Id.* However, on November 30, 2016, allegedly "before any decision rendered on Plaintiff's loan modification application," Plaintiff received a letter from Defendant Rushmore returning Plaintiff's $1,142.67 monthly payment and directing Plaintiff to "contact customer service." *Id.* at ¶ 23. Upon calling Defendant Rushmore's customer service department, Plaintiff was told that Plaintiff "needed to make 'full' and 'not partial' payments until [Plaintiff's] modification was granted or denied." *Id.* Plaintiff's complaint does not state whether Plaintiff continued to make any monthly payments after November 2016.

On January 13, 2017, Caliber—as "purported attorney-in-fact for" the LSF8 Master Participation Trust—assigned "all beneficial interest" in Plaintiff's deed of trust to Defendant U.S. Bank as trustee for RMAC Trust Series 2016-CTT. *Id.* at ¶ 24. However, Plaintiff alleges that this transfer was void for two reasons. First, as discussed above, Plaintiff states that the LSF8 Master Participation Trust "held only a forward interest in the servicing rights to Plaintiff's loan and, as such, had no more to transfer to U.S. Bank [] than servicing rights." *Id.* at ¶ 25. Second, Plaintiff states that "even if the LSF8 Master Participation Trust owned all beneficial interest in Plaintiff's loan, the January 13, 2017 transfer constituted a post-closing date transfer of an asset in violation of Section 860 of the Internal Revenue Code and the terms of the Trust Pool pooling and servicing agreement ('PSA') that required all assets to be transferred to the trust no later than ninety (90) days after the trust start-up date." *Id.*

3
Case No. 17-CV-04382-LHK
ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE

However, notwithstanding the fact that the transfer of Plaintiff's deed of trust from the LSF8 Master Participation Trust to Defendant U.S. Bank was allegedly void, on May 24, 2017, Defendant Rushmore—as "purported attorney-in-fact for" Defendant U.S. Bank—executed and recorded a substitution of trustee that designated Summit as trustee under Plaintiff's deed of trust. *Id.* at ¶ 26. Then, on May 30, 2017, Summit recorded a notice of trustee's sale on the property, which scheduled a sale date of July 5, 2017. *Id.* at ¶ 27. Further, despite Defendant Rushmore's "ongoing representations" that it was the servicer of Plaintiff's loan, the May 24, 2017 substitution of trustee and May 30, 2017 notice of trustee's sale listed Caliber "as the ostensible servicer of Plaintiff's loan." *Id.*

Plaintiff alleges that Defendant U.S. Bank made a credit bid on the property at the foreclosure sale. *Id.* at ¶ 30. On September 19, 2017, Summit, "purportedly as Trustee of Plaintiff's Deed of Trust," recorded a Trustee's Deed Upon Sale reflecting the sale to U.S. Bank as Trustee. *Id.* Plaintiff alleges that Defendant U.S. Bank never received the original Note, which, according to Plaintiff, means that U.S. Bank's credit bid was improper. *Id.*

**B.     Procedural History**

On June 23, 2017, Plaintiff filed a complaint in the Superior Court for the County of Monterey. ECF No. 1 at 1. On July 18, 2017, Plaintiff filed a first amended complaint ("FAC"). *Id.* at 6–16. The FAC asserted two causes of action: (1) violation of California Civil Code § 2924.17 (against Caliber, the LSF8 Master Participation Trust, Defendant Rushmore, Defendant U.S. Bank, and Summit); and (2) wrongful foreclosure (against Defendant Rushmore, Defendant U.S. Bank, and Summit). On August 2, 2017, Defendants removed the case to this Court on the basis of diversity jurisdiction. *Id.* at 1–4.

On August 9, 2017, Defendants filed a motion to dismiss. ECF No. 7. On August 23, 2017, Plaintiff opposed Defendants' motion to dismiss. ECF No. 15. Defendants replied on August 30, 2017. ECF No. 17.

On September 7, 2017, Plaintiff filed an *ex parte* application for a temporary restraining order ("TRO") that sought to enjoin the September 11, 2017 foreclosure sale of Plaintiff's home.

United States District Court
Northern District of California

1 ECF No. 18. The Court denied Plaintiff's *ex parte* application without prejudice on September 8, 2017 because Plaintiff "fail[ed] to comply with the requirements of Federal Rule of Civil Procedure 65(b)(1)." ECF No. 20 at 2. Specifically, the Court found that Plaintiff did not sufficiently explain why immediate and irreparable injury would result before the adverse party could be heard in opposition and why notice to the opposing party should not have been required. *Id.* at 3. The Court also stated that "[i]t appears . . . that Plaintiff has been aware for some time of the impending September 11, 2017 foreclosure date" because "the instant litigation has been ongoing since June 23, 2017" and "Plaintiff previously moved in state court for a TRO to postpone an earlier foreclosure sale which was scheduled to occur on August 7, 2017, and the state court granted Plaintiff's TRO on August 3, 2017." *Id.* at 3. The Court further noted that because Plaintiff failed to explain "when Plaintiff learned of the foreclosure sale and why Plaintiff waited until the eve of the foreclosure sale to contact Defendants and file the TRO . . . Plaintiff appear[ed] to be engaging in strategic manipulation of the judicial process to create an emergency, which forces this Court to respond without sufficient time to analyze the causes of action and without the benefit of briefing from the opposing party." *Id.* at 4.

On October 25, 2017, Plaintiff filed a notice of settlement stating that Plaintiff had reached a settlement with Caliber, LSF8 Master Participation Trust, and Summit. ECF No. 23. On December 4, 2017, Plaintiff filed a notice of dismissal of Caliber, the LSF8 Master Participation Trust, and Summit without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). ECF No. 28. Thus, Defendants are the only defendants remaining in this action.

On December 4, 2017, the Court granted Defendants' first motion to dismiss with leave to amend. ECF No. 29 ("First MTD Order"). With respect to Plaintiff's first cause of action, the Court explained that California Civil Code § 2924.12 affords borrowers a private right of action to enforce "material" violations of § 2924.17. First MTD Order at 8. The Court interpreted a "material" violation to mean "one that 'affected [the plaintiff's] loan obligations' or the loan modification process." *Id.* at 10 (quoting *Johnson v. PNC Mortg.*, 2014 WL 6629585, at *9 (N.D. Cal. Nov. 21, 2014) (alterations in original)). The Court found that Plaintiff did not allege a

5
Case No. 17-CV-04382-LHK
ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE

material violation of § 2924.17 because Plaintiff "d[id] not allege any facts indicating that Defendants' unauthorized recording of a substitution of trustee and incorrect listing of Caliber as the servicer of Plaintiff's loan somehow 'affected [Plaintiff's] loan obligations,' disrupted Plaintiff's loan modification process, or caused Plaintiff to suffer harm that Plaintiff would not have suffered otherwise." *Id.* at 11 (alterations in original). The Court also concluded that § 2924.17 does not provide preforeclosure injunctive relief and that Plaintiff failed to allege the property had been sold, as would be required to seek damages. *Id.* As such, the Court dismissed the first cause of action for a violation of § 2924.17 with leave to amend. *Id.* at 12.

With respect to Plaintiff's second cause of action, the Court held that to state a claim for wrongful foreclosure, a borrower "must allege prejudice beyond the foreclosure itself." *Id.* at 14. Specifically, if a borrower alleges that the foreclosing party does not have the authority to foreclose due to a void assignment, "the borrower must also allege additional harm stemming from the void assignment, like (1) that the void assignment changed the borrower's payment obligations; (2) that the void assignment 'interfered in any manner with [the borrower's] payment'; or (3) that the true owner of the loan—the entity that actually has the authority to foreclose—'would have refrained from foreclosure under the circumstances presented.'" *Id.* (quoting *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 272 (2011), *disapproved of on other grounds by Yvanova v. New Century Mortg. Corp.*, 62 Cal. 4th 919, 939 n.13 (2016). Because Plaintiff failed to allege any prejudice beyond the impending foreclosure itself, the Court found that Plaintiff failed to state a claim of wrongful foreclosure under California law. As such, the Court dismissed the second cause of action for wrongful foreclosure with leave to amend. *Id.* at 16. The Court stated that failure to cure the deficiencies identified in its order would result in dismissal with prejudice. *Id.*

Plaintiff filed her Second Amended Complaint ("SAC") one day later, on December 5, 2017. ECF No. 30. Defendants moved to dismiss the SAC on December 26, 2017. ECF No. 33 ("Mot."). Plaintiff filed an opposition on January 9, 2018. ECF No. 35 ("Opp'n"). Defendants filed a reply on January 16, 2018. ECF No. 36 ("Reply").

## II. LEGAL STANDARD

### A. Motion to Dismiss Under Rule 12(b)(6)

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). The United States Supreme Court has held that Rule 8(a) requires a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted). For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

The Court, however, need not accept as true allegations contradicted by judicially noticeable facts, *see Schwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and it "may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6) motion into a motion for summary judgment, *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995). Nor must the Court "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam) (internal quotation marks omitted). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

### B. Leave to Amend

If the Court determines that a complaint should be dismissed, it must then decide whether to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to

amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (alterations and internal quotation marks omitted). However, a court "may exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . , [and] futility of amendment.'" *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892-93 (9th Cir. 2010) (alterations in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## III. DISCUSSION

Plaintiff's SAC asserts the same two causes of action against Defendants that Plaintiff asserted in the FAC: (1) violation of California Civil Code § 2924.17; and (2) wrongful foreclosure. Defendants move to dismiss both of Plaintiff's claims. The Court addresses each cause of action in turn.

### A. Violation of California Civil Code § 2924.17

California Civil Code § 2924.17(a) mandates that certain documents related to the foreclosure process, including "a notice of default, notice of sale, assignment of a deed of trust, or substitution of trustee recorded by or on behalf of a mortgage servicer in connection with a foreclosure," "shall be accurate and complete and supported by competent and reliable evidence."

California Civil Code § 2924.17(b) states that "[b]efore recording or filing any of the documents described in [§2924.17(a)], a mortgage servicer shall ensure that it has reviewed competent and reliable evidence to substantiate the borrower's default and the right to foreclose, including the borrower's loan status and loan information." California Civil Code §§ 2924.12 and 2924.19[1] provide borrowers a private right of action to enforce § 2924.17. Specifically, §§ 2924.12 and 2924.19 state that "[i]f a trustee's deed upon sale has not been recorded, a

---

[1] All references to California Civil Code § 2924 in this order are to the version of that statute that was in effect between January 1, 2015 and December 31, 2017 (when the events at issue in this case took place and when the relevant filings occurred), and not to the current version, which took effect on January 1, 2018.

8
Case No. 17-CV-04382-LHK
ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE

borrower may bring an action for injunctive relief to enjoin a material violation of" nine statutory sections, including § 2924.17. Cal. Civ. Code §§ 2924.12(a)(1) & 2924.19(a)(1). Sections 2924.12 and 2924.19 further state that "[a]fter a trustee's deed upon sale has been recorded, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall be liable to a borrower for actual economic damages . . . resulting from a material violation of" those same nine statutory sections. *Id.* §§ 2924.12(b) and 2924.19(b).

Plaintiff alleges that Defendants violated § 2924.17 by (1) recording a substitution of trustee on May 24, 2017 "despite lacking standing to do so"; (2) recording a notice of trustee's sale of the property on May 30, 2017 "despite lacking standing to do so"; and (3) "listing Caliber as, ostensibly, the servicer of Plaintiff's loan" on the May 24, 2017 substitution of trustee and the May 30, 2017 notice of trustee's sale of the property "despite the fact that as of September 2016, Defendant Rushmore had been holding itself out as the servicer and/or owner of Plaintiff's loan." SAC ¶ 34.

Defendants argue that Plaintiff's § 2924.17 claim against them should be dismissed because (1) "Plaintiff has failed to allege any facts demonstrating that any of the foreclosure documents[] were recorded without review of competent and reliable evidence substantiating Plaintiff's default on the loan," Mot. at 5; (2) Plaintiff pleads facts about the adequate protection stipulation that are contradicted by judicially noticeable facts, Mot. at 5; and (3) Plaintiff has not pled facts demonstrating that Defendants' alleged violations of § 2924.17 were material, Mot. at 5-6. Plaintiff does not respond to Defendants' second or third arguments and instead argues that Defendant Rushmore's rejection of Plaintiff's Chapter 13 plan payment proves that Rushmore did not perform any investigation into whether Plaintiff was actually in default. Opp'n at 6-7.

For the reasons discussed below, the Court agrees with Defendants' second and third arguments. Thus, the Court need not address Defendants' first argument.

With regards to Plaintiff's assertions that Defendants violated § 2924.17 by (1) recording a substitution of trustee on May 24, 2017 "despite lacking standing to do so"; (2) recording a notice of trustee's sale of the property on May 30, 2017 "despite lacking standing to do so"; and (3)

9
Case No. 17-CV-04382-LHK
ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE

incorrectly listing Caliber instead of Defendant Rushmore as the servicer of Plaintiff's loan on the May 24, 2017 substitution of trustee and the May 30, 2017 notice of trustee's sale, the Court finds that Plaintiff has failed to plead facts demonstrating that these alleged violations of § 2924.17 were material. As discussed above, pursuant to § 2924.12, borrowers can sue for violations § 2924.17, but only if those violations are "material." Cal. Civ. Code §§ 2924.12(a)(2) & (b).

In its First MTD Order, the Court adopted the interpretation of "material" set forth in *Johnson v. PNC Mortgage*, 2014 WL 6629585, (N.D. Cal. Nov. 21, 2014), which equated a "material" violation to one that "affected [the plaintiff's] loan obligations" or the loan modification process. *Id.* at *9. Applying this definition, the *Johnson* court concluded that a sham assignment of a loan from one lender to another is not a "material" violation of § 2924.17 because such an assignment does not affect the borrower's payment obligations under the loan. *Id.* Instead, it "materially affect[s] the original lender—whose rights would have been stolen away." *Id.*; *see also Cornejo v. Ocwen Loan Servicing, LLC*, 151 F. Supp. 3d 1102, 1113 (E.D. Cal. 2015) ("Courts have interpreted the term 'material' to refer to whether the alleged violation affected a plaintiff's loan obligations or the modification process.").

Under that approach, even assuming that Defendants violated § 2924.17 by recording a substitution of trustee on May 24, 2017 and a notice of sale on May 30, 2017 "despite lacking standing to do so" and incorrectly listing Caliber as the servicer of Plaintiff's loan on the substitution of trustee and the notice of sale, Plaintiff has failed to allege facts showing that those violations were material. Specifically, Plaintiff does not allege any facts indicating that Defendants' unauthorized recording of a substitution of trustee and notice of sale and incorrect listing of Caliber as the servicer of Plaintiff's loan somehow "affected [Plaintiff's] loan obligations," disrupted Plaintiff's loan modification process, or caused Plaintiff to suffer harm that Plaintiff would not have suffered otherwise. *Johnson*, 2014 WL 6629585, at *9.

The Court previously identified this exact deficiency in its First MTD Order, yet Plaintiff has failed to allege additional facts sufficient to plead a material violation of § 2924.17 in her SAC. Indeed, the only allegations that Plaintiff added in the SAC related to this cause of action

10

Case No. 17-CV-04382-LHK
ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE

are as follows:

> Rushmore, as the purported servicer acting on behalf of U.S. Bank as Trustee, could not have believed that Caliber had the right to foreclose, nor that Caliber was acting as the Servicer, as Rushmore itself was claiming to be the Servicer when the May 24 and May 30, 2017 documents were recorded. Therefore, Rushmore was misrepresenting to Plaintiff and giving constructive notice to the world that Caliber was the Servicer of the Loan, and therefore was the correct party to be collecting the loan payments and considering the Plaintiff's loan modification application. Rushmore also rejected Plaintiff's Chapt. 13 plan payment and the adequate protection agreement, thus proving that it did not perform any investigation as to whether the Plaintiff was actually in default at all, as she was paying according to her Bankruptcy Plan and agreements.

SAC ¶ 34.

To the extent that Plaintiff can be construed as arguing that Rushmore's rejection of her $1,142.67 payment in November 2016 constitutes a material violation of § 2924.17 because it violated the adequate protection agreement and thereby affected the amount of Plaintiff's monthly payments, Plaintiff's argument is directly contradicted by judicially noticeable filings in her bankruptcy case.[2] Specifically, on the adequate protection agreement approved by the Bankruptcy Court provided that "[c]ommencing 10/1/2015, Debtor shall make monthly payments in the amount of $1,142.67 to Caliber Home Loans, Inc., and continuing on the first day of each month thereafter until a decision has been made as to the Debtor's loan modification application in writing." *In re Irene Cardenas*, No. 14-50859 HLB, ECF No. 62 at ¶ 2; ECF No. 65 (order approving adequate protection agreement). The adequate protection agreement also provided that if Plaintiff defaulted, Caliber could seek relief from the automatic stay and pursue foreclosure and/or unlawful detainer proceedings. No. 14-50859 HLB, ECF No. 62 at ¶ 6.

On August 31, 2016, Caliber filed a motion seeking relief from the automatic stay. No. 14-50859 HLB, ECF No. 68. Caliber represented that Plaintiff's loan modification application

---

[2] A court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.,* 971 F.2d 244, 248 (9th Cir. 1992). A court may also take judicial notice of the existence of matters of public record, such as a prior order or decision, but not the truth of the facts cited therein. *See Lee v. City of Los Angeles,* 250 F.3d 668, 689-90 (9th Cir. 2001). Accordingly, the Court GRANTS Defendants' request for judicial notice of filings in Plaintiff's bankruptcy case, No. 14-50859 HLB. *See* ECF No. 33-2.

11
Case No. 17-CV-04382-LHK
ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE

was denied on November 10, 2015 for failure to submit the required documents. *Id.* at 2. Furthermore, Caliber represented that it was not receiving regular monthly payments. *Id.* Caliber stated that Plaintiff's next monthly payment of $3,418.79 would be due on September 1, 2016. No. 14-50859 HLB, ECF No. 68-1 at 3. The Bankruptcy Court held a hearing on Caliber's motion on September 22, 2016, during which the Bankruptcy Court granted Caliber's motion. No. 14-50859 HLB, Docket Entry for September 22, 2016. On September 30, 2016, the Bankruptcy Court issued a written order granting Caliber's motion for relief from the automatic stay. No. 14-50859 HLB, ECF No. 71.

Thus, even without accepting as true Caliber's representations in the bankruptcy filings about its denial of Plaintiff's loan modification application and Plaintiff's failure to make regular payments, the fact remains that the Bankruptcy Court granted relief from the automatic stay on September 30, 2016. This means that as of September 30, 2016, the adequate protection agreement was no longer in effect. *Cf. In re Big3D, Inc.*, 438 B.R. 214, 220 (B.A.P. 9th Cir. 2010) (describing relief from automatic stay and adequate protection as alternative remedies). As a result, Rushmore's rejection in November 2016 of Plaintiff's reduced monthly payment did not violate the adequate protection agreement, because the adequate protection agreement was no longer in effect. Accordingly, Rushmore's rejection of Plaintiff's partial monthly payment is not a material violation of § 2924.17.

Because Plaintiff has not alleged a material violation of § 2924.17, the Court GRANTS Defendants' motion to dismiss Plaintiff's cause of action for violation of Cal. Civ. Code § 2924.17. In addition, because Plaintiff has failed to cure the deficiencies identified in the Court's First MTD Order, the Court dismisses the § 2924.17 cause of action with prejudice. *See Carvalho*, 629 F.3d at 892-93.

**B. Wrongful Foreclosure**

Under California law, the elements of a wrongful foreclosure cause of action are "(1) the trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust; (2) the party attacking the sale . . . was

12

Case No. 17-CV-04382-LHK
ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE

1    prejudiced or harmed; and (3) in cases where the trustor or mortgagor challenges the sale, the
2    trustor or mortgagor tendered the amount of the secured indebtedness or was excused from
3    tendering." *Daniels v. Select Portfolio Servicing, Inc.*, 246 Cal. App. 4th 1150, 1184-85 (2016)
4    (quoting *Miles v. Deutsche Bank Nat'l Tr. Co.*, 236 Cal. App. 4th 394, 408-09 (2015)).

Plaintiff alleges that "Defendants did not have authority to foreclose upon and sell the Subject Property, to demand payments under the Note in excess of those required by the Bankruptcy Court proceeding, or to make a credit bid under the Deed of Trust against the Subject Property because Defendants are not the owners [or] holders of beneficial interest, which California law states is the holder of the wet-ink Note not the stated Beneficiary of the Deed of Trust." SAC ¶ 37. Specifically, Plaintiff alleges that the LSF8 Master Participation Trust only held a forward interest in servicing rights to Plaintiff's loan, which means that the purported transfer of the beneficial interest in Plaintiff's loan from the LSF8 Master Participation Trust to U.S. Bank was void. *Id.* ¶ 38. As a result of the void transfer, "Defendants' actions in initiating foreclosure proceedings against Plaintiff[] were wrongful because Defendants were not entities authorized to invoke the power of sale under Plaintiff's Deed of Trust." *Id.* ¶ 42. Plaintiff also argues that Defendants did not have the legal right to make a credit bid at the foreclosure sale. *Id.* ¶ 43; Opp'n at 8.

Defendants contend that Plaintiff has failed to state a claim for wrongful foreclosure because Plaintiff has not alleged sufficient prejudice. Mot. at 6-7. In its First MTD Order, the Court explained that California courts have recognized that borrowers can bring wrongful foreclosure actions that are, like Plaintiff's instant cause of action, based on allegations that the foreclosing party does not have the authority to foreclose due to a void assignment of a loan. *See Yvanova*, 62 Cal. 4th at 942-43 (2016) (holding that a homeowner who alleges that a nonjudicial foreclosure sale was wrongful because of a void assignment has standing to sue for wrongful foreclosure); First MTD Order at 13. However, the Court also explained that California courts that have addressed these situations are split as to what a borrower must allege in order to sufficiently demonstrate prejudice. First MTD Order at 13-14.

13
Case No. 17-CV-04382-LHK
ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE

On one hand, one published California Court of Appeal decision cited by Plaintiff held that "where . . . it is alleged [that] the foreclosing beneficiary's interest is void," a borrower need not allege prejudice or harm "beyond the allegedly wrongful foreclosure itself" because a borrower "experiences prejudice or harm when . . . he or she has lost her home to an entity with no legal right to take it." *Sciaratta v. U.S. Bank N.A.*, 247 Cal. App. 4th 552, 565-66 (2016).

Notwithstanding *Sciaratta*, this Court held that the weight of published California Court of Appeal decisions holds that a borrower must allege prejudice beyond the foreclosure itself. First MTD Order at 14. Specifically, at least three California Court of Appeal decisions have stated that in order to sufficiently allege prejudice, a borrower alleging that the foreclosing party does not have the authority to foreclose due to a void assignment must also allege additional harm stemming from the void assignment, like (1) that the void assignment changed the borrower's payment obligations; (2) that the void assignment "interfered in any manner with [the borrower's] payment"; or (3) that the true owner of the loan—the entity that actually has the authority to foreclose—"would have refrained from foreclosure under the circumstances presented." *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 272 (2011), *disapproved of on other grounds by Yvanova*, 62 Cal. 4th 919 at 939 n.13; *Herrera v. Fed. Nat'l Mortg. Ass'n*, 205 Cal. App. 4th 1495, 1507–08 (2012), *disapproved of on other grounds by Yvanova*, 62 Cal. 4th 919 at 939 n.13; *Kalnoki v. First Am. Tr. Servicing Sols., LLC*, 8 Cal. App. 5th 23, 48 (2017) (quoting *Fontenot* and *Herrera*). These decisions observed that because an assignment on its own "merely substitute[s] one creditor for another, without changing" the borrower's payment obligations, the "true victim" of a void assignment is not the borrower, but rather the true owner of the loan, because a void assignment causes the true owner of the loan to "suffer[] the unauthorized loss" of the loan. *Fontenot*, 198 Cal. App. 4th at 272; *Herrera*, 205 Cal. App. 4th 1495 at 1507–08; *see Kalnoki*, 8 Cal. App. 5th at 48. As a result, these decisions concluded that a borrower alleging that the foreclosing party does not have the authority to foreclose due to a void assignment must also allege some other harm stemming from the void assignment besides the foreclosure itself. *Id.*

The Court also observed in the First MTD Order that at least two Ninth Circuit decisions

14

have employed the approach to prejudice set forth in *Fontenot*, *Herrera*, and *Kalnoki*. *See* First MTD Order at 15; *Dahnken v. Wells Fargo Bank, N.A.*, 2017 WL 3049552, *1 (9th Cir. 2017) (unpublished) (citing *Fontenot* and concluding that "even if MERS lacked authority to transfer the note, the [allegedly void] assignment merely substituted one creditor for another and did not change Dahnken's obligations, so Dahnken cannot show the prejudice necessary to challenge foreclosure"); *Walton v. Mortg. Elec. Registration Sys., Inc.*, 507 F. App'x 720, 722 (9th Cir. 2013) (citing *Herrera* and concluding that even accepting a borrower's contention "that the Appellees lacked authority to . . . foreclose" due to a void assignment, the borrower "is not an injured party, the injured parties are the true owners of her loan," and thus the borrower failed to allege "that she suffered the prejudice or injury necessary to state a claim for wrongful foreclosure"). In contrast, the parties did not cite, and the Court could not find, any Ninth Circuit decisions taking the view expressed in *Sciaratta* that a borrower need not allege any prejudice beyond the wrongful foreclosure itself.

Thus, the Court adopted the approach endorsed by the weight of the published California Court of Appeal decisions and applied by the Ninth Circuit. The Court found that Plaintiff's FAC did not allege any prejudice beyond the impending foreclosure itself, and so the Court found that Plaintiff had failed to state a claim for wrongful foreclosure under California law. The Court pointed out that Plaintiff's FAC did not plead facts suggesting that the allegedly void assignment from the LSF8 Master Participation Trust to Defendant U.S. Bank either affected Plaintiff's payment obligations or "interfered in any manner with" Plaintiff's ability to meet her payment obligations. *Fontenot*, 198 Cal. App. 4th at 272; *Herrera*, 205 Cal. App. 4th at 1507-08. Nor did Plaintiff's FAC contain factual allegations indicating that the true owner of the loan "would have refrained from foreclosure under the circumstances presented," *id.*, and Plaintiff admitted that she defaulted on her loan in 2012. ECF No. 1 at 9. Thus, the Court determined that under the facts alleged in the FAC, the only "true victim" that had suffered prejudice was the true owner of the loan. *Id.* In other words, although Plaintiff alleged that Defendants do not have the authority to foreclose on the property because of a void assignment, Plaintiff offers no facts demonstrating any

15

Case No. 17-CV-04382-LHK
ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE

"harm caused by having one entity, rather than another, carry out the foreclosure." *Grossman v. Wells Fargo Bank*, 2016 WL 97523, *5 (Cal. Ct. App. Jan. 7, 2016).

The allegations that Plaintiff added to the SAC do not remedy the deficiency that the Court identified in its First MTD Order—namely, that Plaintiff failed to sufficiently allege prejudice. Specifically, the new allegations in the SAC include (1) that Defendants did not have authority "to demand payments under the Note in excess of those required by the Bankruptcy Court proceeding," and (2) that Defendants did not have the authority "to make a credit bid under the Deed of Trust" because Defendants were not "the actual holder of the original wet-ink Note." *Compare* FAC ¶¶ 39-45 *with* SAC ¶¶ 37-44. With respect to the first new allegation, as explained above, the Bankruptcy Court granted Defendants relief from the automatic stay, which means that the adequate protection agreement was no longer in effect at the time that Rushmore demanded increased monthly payments. *See supra*, Section III.A. As such, the first new allegation does not adequately plead prejudice.

With respect to the second new allegation, whether Defendants were authorized to make a credit bid goes to the first element of wrongful foreclosure—whether the foreclosure was "illegal, fraudulent, or willfully oppressive." *See Daniels*, 246 Cal. App. 4th at 1184-85. Thus, even assuming the truth of Plaintiff's allegations that Defendants did not hold the "wet-ink Note" and therefore could not have made a credit bid in the foreclosure sale, Plaintiff still has failed to allege prejudice. Specifically, Plaintiff has not alleged that the allegedly wrongful credit bid affected Plaintiff's payment obligations or "interfered in any manner with" Plaintiff's ability to meet her payment obligations. *Fontenot*, 198 Cal. App. 4th at 272; *Herrera*, 205 Cal. App. 4th at 1507-08. Nor did Plaintiff's SAC allege that the true owner of the loan "would have refrained from foreclosure under the circumstances presented." *Id.* Instead, Plaintiff relies on *Sciaratta* to argue that "[a] homeowner experiences prejudice or harm when an entity with no interest in the debt forecloses." Opp'n at 9. However, the Court already held in the First MTD Order that the weight of the California court decisions goes against *Sciaratta*, and Plaintiff offers no reason why the Court should reconsider its previous analysis. Thus, the Court finds that Plaintiff has failed to

16

Case No. 17-CV-04382-LHK
ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE

1 adequately allege prejudice.

2 Accordingly, the Court finds that Plaintiff has failed to state a claim for wrongful foreclosure. Defendants' motion to dismiss the wrongful foreclosure claim is thus GRANTED. In addition, because Plaintiff has failed to cure the deficiencies identified in the Court's First MTD Order, the Court dismisses the wrongful foreclosure claim with prejudice. *See Carvalho*, 629 F.3d at 892-93.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss Plaintiff's causes of action for violation of California Civil Code § 2924.17 and wrongful foreclosure with prejudice.

**IT IS SO ORDERED.**

Dated: March 16, 2018

_____
LUCY H. KOH
United States District Judge